PER CURIAM.
We have for consideration an original petition for a writ of habeas corpus filed by John Henry Gafford seeking release from the State Prison.
It appears from the allegations of the petition that on April 16, 1951, Gafford was convicted of the crime of armed robbery. On May 31, 1951, he was placed on probation for a period of ten years. On November 6, 1958, it appears that the probation was revoked and Gafford was sentenced for the term of eight years in the State Prison.
On May 6, 1963, he filed a motion under Criminal Procedure Rule ;#1, F.S.A. ch. 924 Appendix, in the Court of Record of Escambia County. Relief was denied by the trial judge.
Gafford claims by his petition now here that he filed a notice of appeal to the District Court of Appeal. He concedes that a ■ public defender was subsequently appointed to represent him in the appellate court. His appeal was dismissed for lack of jurisdiction on September 4, 1963.
We have investigated the public records to learn that the notice of appeal to the District Court was not directed to the adverse ruling of the trial court on Gafford’s motion under Criminal Procedure Rule #1. *139 On the other hand, the notice of appeal was addressed to the original judgment of conviction in 19S1 and was obviously filed years too late for review by that court. The notice of appeal was evidently filed by Gafford prior to his representation by the public defender. The public defender appeared in the District Court in opposition to the motion to dismiss the appeal. The order dismissing the appeal was for the obvious reason that the untimely notice of appeal conveyed no jurisdiction to the District Court.
Under the provisions of Criminal Procedure Rule ’#1, we will not consider an application for a writ of habeas corpus collaterally attacking a judgment of conviction until the petitioner has exhausted his remedies under Criminal Procedure Rule '#1, including appropriate appellate review of any adverse orders entered under that rule. Mitchell v. Wainwright, Fla., 15S So. 2d 868, opinion filed May 15, 1963.
Inasmuch as it is evident from the record that the petitioner has not exhausted the remedies available to him under Criminal' Procedure Rule #1, the instant petition for habeas corpus will have to be denied.
It is so ordered.
ROBERTS, Acting C. J., and THOR-NAL, O’CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.