184 So.2d 659 (1966)
Jose R. ZUNIGA, Appellant,
v.
STATE of Florida, Appellee.
No. H-221.
District Court of Appeal of Florida. First District.
March 31, 1966.
*660 Jose R. Zuniga, in pro. per.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
STURGIS, Judge.
This is an appeal from an order of the Circuit Court of Union County, Florida, Patten, J., denying appellant's petition for writ of habeas corpus to test the validity of appellant's imprisonment in the state prison pursuant to his plea of guilty resulting in judgment of conviction of first degree murder and sentence to life imprisonment by said court on February 1, 1963. The order appealed is affirmed.
In sequence of events, appellant was indicted on April 8, 1960, upon a charge of first degree murder. He was thereafter tried by jury and found guilty without a recommendation of mercy, whereupon he was adjudged guilty and sentenced to death. On June 27, 1962, the Supreme Court of Florida rendered its decision reversing said judgment of conviction (see Rankin v. State, 143 So.2d 193 [Fla. 1962]) and the cause was remanded for further proceedings according to law and its said decision.
Said reversal was based upon certain prejudicial acts of the state attorney in connection with his examination before the jury of a witness called by the court at the request of the state. It appears that this witness, in the absence of the jury, had refused to admit that he signed a written statement in the hands of the prosecution, to the effect that he was present at the commission of the crime and stating certain events connected therewith. The trial court held the statement inadmissible as to the critical events recited therein. Upon resuming the trial before the jury certain questions addressed to the witness by the state attorney were so framed as to clearly indicate that the facts inquired about were directly quoted from the excluded statement, the existence of which had been previously brought to the attention of the jury.
While our conclusion does not turn on the fact, it will be noted that the decision of the supreme court rejected appellant's contention that a confession, admitted in evidence on the trial, was not free and voluntary.
Consequent upon said remand the appellant was rearraigned on January 31, 1963, whereupon he entered a plea of guilty to the indictment charging first degree murder, and on February 1, 1963, was adjudged guilty and sentenced to life imprisonment. He did not appeal said judgment and has not sought any relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The petition for writ of habeas corpus sub judice was filed October 18, 1965, and collaterally attacks the second judgment of conviction and sentence on the ground that the confession admitted in evidence at the former trial, and which was admitted in evidence before the trial judge incident to an inquiry conducted after entry of the plea of guilty in the second trial, was obtained in violation of appellant's constitutional rights and contrary to the rule of law promulgated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1963). The order appealed recites and it is not contested that the appellant, personally and through counsel, freely and voluntarily entered said plea of guilty to murder in the *661 first degree and that the trial court thereafter heard testimony of witnesses for the state and adjudged appellant guilty of murder in the first degree, with a recommendation of mercy which resulted in the sentence of life imprisonment. While the record on appeal does not disclose the purpose of said post-plea hearing, we recognize that under Section 909.12, Florida Statutes, F.S.A., it was proper to be held as an aid to the trial judge in determining the punishment to be imposed. The scope of evidence on such hearing is broad and substantially within the discretion of the trial court. Since upon appellant's plea of guilty to first degree murder only two sentences were available, death or life imprisonment, and since the court imposed the lesser punishment, it is obvious that appellant was not prejudiced by the admission of the confession in evidence on the hearing under F.S. 909.12, F.S.A.
The ground upon which the writ of habeas corpus is sought relates to a transaction which occurred in the course of proceedings prior to entry of the judgment and sentence collaterally assaulted, the legality of which could have been tested by a timely appeal or motion for relief under Criminal Procedure Rule No. 1. Habeas corpus is not available as a substitute for relief available under Criminal Procedure Rule No. 1, and where the grounds for relief may be tested under such rule habeas corpus may not be resorted to until the remedy under the rule, including appropriate appellate review in a court of competent jurisdiction, has been exhausted. Holloway v. Wainwright, 160 So.2d 116 (Fla. 1963); Hillhouse v. State, 159 So.2d 228 (Fla. 1963); Brown v. Wainwright, 158 So.2d 527 (Fla. 1963); Gafford v. Wainwright, 157 So.2d 138 (Fla. 1963); Mitchell v. Wainwright, 155 So.2d 868 (Fla. 1963).
In summary, the hearing pursuant to F.S. 909.12, F.S.A. is not subject to the strict rules of evidence or procedure governing a jury trial on the question of guilt or innocence; the inquiry conducted thereunder is available only at the discretion of the trial court and has no bearing upon the question of guilt, which is foreclosed when a competent plea of guilty is entered and accepted; the rule in Escobedo is not retroactive and, in any event, has no application to the issues involved on this appeal; and the petition for habeas corpus herein fails to allege facts sufficient to warrant issuance of the writ. Cf. Lewis v. State, 93 So.2d 46 (Fla. 1956); Caston v. State, 58 So.2d 694 (Fla. 1953).
Affirmed.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.