MANN, Chief Judge.
Carmen’s scatter shot petition filed in the court in which he was convicted is styled an “Application for a Writ of Ha-beas Corpus.” The prayer of the petition on the 7th page thereof plainly refers to Rule 3.850 CrPR, a rule adopted by the Supreme Court of Florida to afford post conviction relief to those who are entitled to it. That rule provides that the questions involved shall be determined by a court in the county of trial rather than in the county of incarceration. See Gideon v. Wainwright, Fla.1963, 153 So.2d 299; Roy v. Wainwright, Fla.1963, 151 So.2d 825; Reynolds v. State, Fla.App.2d 1969, 224 So.2d 769, cert, discharged, Fla.1970, 238 So.2d 598; Andrews v. State, Fla.App.3d 1964, 160 So.2d 726; cf. Ruiter v. Wainwright, Fla.App.2d 1971, 249 So.2d 67; State ex rel. Wainwright v. Holley, Fla.App.2d 1970, 234 So.2d 409. The crucial allegations are those which relate to the propriety of the original proceedings, not to any conduct on the part of the officials of the correctional system. Consequently, Carmen filed his petition in the correct court and it was improperly denied on a finding that the court was without jurisdiction. We express no opinion on the merits of the petition. In fact, it would be advisable if prior to its reconsideration Carmen were afforded the advice and assistance of counsel who have assisted him in this appeal.
Reversed and remanded.
HOBSON and McNULTY, JJ., concur.