545 So.2d 900 (1989)
Cheryl A. PUFFINBERGER, Petitioner,
v.
James D. HOLT, Sheriff of Martin County, Respondent.
No. 89-0610.
District Court of Appeal of Florida, Fourth District.
March 23, 1989.
*901 Ronald B. Smith of Waxler & Smith, P.A., Stuart, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for respondent.
WARNER, Judge.
Petitioner asks this court to grant an emergency writ of habeas corpus after the trial court denied her motion for reduction of pretrial bond. We grant the petition, quash the order denying her motion for reduction of bond, and remand for a new bond reduction hearing.
Petitioner is charged with a violation of section 827.04(1) Florida Statutes (1987) for child abuse of her three-year-old daughter, a third-degree felony punishable by a maximum of five years incarceration.
Petitioner's husband has been charged with aggravated child abuse in connection with the resulting death of petitioner's daughter, the husband's stepdaughter. Petitioner also had an eight-month-old daughter who is the natural child of petitioner and her husband.
In June of 1988 petitioner reported to the Martin County Sheriff's office the abuse of her daughter by her husband. Petitioner had left the marital home at that time for the safety of her child who had been violently abused. The child abuse case was referred to the State Attorney's office, but at the request of HRS who had entered the case, no prosecution of the husband was initiated. HRS sought alternative treatment, and the family was placed under court supervisions to be conducted by HRS workers.
The abuse of the little girl apparently continued to the point of her death in November of 1988. The State charged the husband with aggravated child abuse and the petitioner with child abuse under a warrant which alleged that she "willfully or by culpable negligence permit[ted] physical or mental injury to a child under 18 years of age." The State did not charge her with any count of aggravated child abuse. In fact, at the bond reduction hearing, the HRS worker testified that they had no direct evidence that petitioner committed any physical harm to the child, other than one instance of aggressively shaking her daughter. Despite the substantial difference in the gravity of the charges against petitioner and her husband, both warrants contained a bond amount of $200,000.
Petitioner filed a motion for bond reduction which was heard on March 2, 1989. The State argued two reasons for denial of the bond reduction at the hearing. First, the State noted that petitioner had a second child who was in foster care under supervision of HRS. The State intimated thereby that for the protection of that other child, bail should not be reduced. However, the HRS worker called by the State only requested the monitoring of any visits between petitioner and the child. Further, he testified that he did not fear for the safety of petitioner's child, should petitioner be released from jail, as the child had been placed in foster care with the voluntary agreement by petitioner. Secondly, the State alleged that both the petitioner and *902 the husband had committed the physical injuries on the child, even though the petitioner was not charged with aggravated child abuse. No testimony was presented supporting this charge, although the State referred to the probable cause affidavits.
In support of her motion for bond reduction, the petitioner testified that she had lived in Martin County since 1985, that she had become employed in December, 1988 and would have the same job if she were released from jail. She said that she would have a place to live with her boss, who also testified on her behalf. She further testified that she had never been convicted of any crime. Finally, both her testimony and her financial affidavit made it clear that she could not afford to post a $200,000 bond. (In her petition for writ of habeas corpus, she states that she could post no more than $1,500 cash.)
After the state's argument in response that petitioner had committed some of the physical acts on the child victim, the trial court stated:
The question is whether or not there is any statement whatsoever charging Cheryl Ann Puffenberger with committing any overt acts, you know. Passive, might be passive attitude or doing nothing about it at all could also perhaps make ... I don't know. I have to deny the motion to reduce the bond, to do anything else would certainly be a disservice to the State at this particular time. It will get unraveled.
Section 903.046, Florida Statutes (1987) provides that the purpose of bail is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant. The statute, as well as Florida Rule of Criminal Procedure 3.131(b)(3), lists criteria which should be taken into consideration in evaluating a request for bail or bond reduction. Further, rule 3.131(b)(1), Florida Rules of Criminal Procedure states that the judicial officer shall impose the first condition of release enumerated in the rule which will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process. Bail is the fourth condition, and it does not appear that the trial court considered any of the preceding conditions, including personal recognizance, placing restriction on the accused, or placing the person in the custody of a designated person or organization.
In Flores v. Cocalis, 453 So.2d 1198, 1199 (Fla. 4th DCA 1984) this court held that it "is the function of this court to weigh the reasonableness of the trial court's determination as the conditions of petitioner's bail based upon the evidence that was before the trial court and the factors set out in Good v. Wille, supra," [382 So.2d 408 (Fla. 4th DCA 1980)]. While the petitioner's short length of residence in the community may be one factor which could justify bail in this case,[1] we hold that the trial court abused its discretion in denying reduction of the $200,000 bail for this petitioner on this record. Our holding is based upon the trial court's stated reason that it would be "a disservice to the State" to grant a reduction. This is not a proper criteria to be considered for reduction of bail. Neither is it proper to refuse to reduce bail while the state may be deciding to file additional charges. A proper procedure would have been for the state to file a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132, but the State has not pursued this procedure.
Excessive bail, as we have found in this case, is tantamount to a denial of bail. Good v. Wille; State ex rel. Bardina v. Sandstrom, 321 So.2d 630 (Fla. 3d DCA 1975). By denying the bond reduction on the record presented in this case, petitioner in effect is being detained without bond, in violation of Article 1, Section 14 of the Florida Constitution.
For these reasons, we grant the petition for writ of habeas corpus, quash the order denying the motion for reduction of bond, *903 and remand this case to the trial court for a new hearing and proper determination on the motion to reduce bond, specifically considering the motion in light of the standards enunciated in Good v. Wille, section 903.046, Florida Statutes (1987), and Florida Rule of Criminal Procedure 3.131.
WALDEN and GARRETT, JJ., concur.
NOTES
[1] On the other hand, the record shows that petitioner has a substantial tie and reason for remaining in the community because her child is in foster care under HRS supervision during the pendency of these proceedings.