BARKDULL, Judge.
By this Petition for Writ of Habeas Corpus, the petitioner is alleging incompetency of appellate counsel. On appeal from the trial court’s order revoking the petitioner’s sentence to community control, the petitioner alleges that appellate counsel failed to raise as issues in the appellate court, that the sentence imposed was an illegal general sentence, and that the evidence produced before the trial court was insufficient to sustain the finding of violation of his sentence to community control.[1]
In reviewing this matter, it appears that the only act of appellant’s counsel that might possibly have merit is failure to raise the issue of a general sentence.
Clearly an illegal sentence can be corrected at any time by a motion to vacate, pursuant to Rule 3.850 Florida Rules of Criminal Procedure. Therefore we deny the petition for writ of habeas corpus without prejudice to the filing of a 3.850 motion in the trial court to correct an improper general sentence.
Relief sought denied.

. The propriety of the finding of violation of community control is a fact question that was determined adverse to the petitioner on his plenary appeal. See Washington v. State, 573 So.2d 847 (Fla. 3d DCA 1991). Therefore this allegation of incompetency of appellate counsel is without merit.