PER CURIAM.
This cause is before us on an emergency petition for writ of habeas corpus. Petitioner contends that he is being held in pretrial confinement on charges of DUI and failure to appear, on an excessive bond of $50,000. We grant the petition and quash the order setting bond.
On August 25, 1993, the trial court set bond at $25,000 on the DUI charge and $25,000 on the charge of failure to appear. This order is contrary to the circuit court’s August 19, 1993 order (entered on petitioner’s previous petition for habeas corpus) which instructed the trial court to hold a hearing and set a reasonable bond. Florida Rule of Criminal Procedure 3.131(a) provides:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions.
Moreover, Rule 3.131(b)(3) provides:
In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant’s family ties, length of residence in the community, employment history, financial resources, and mental condition; the defendant’s past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant’s release poses to the community; the source of funds used to post bail; whether *1248 the defendant is already on release pending resolution of another criminal proceeding or is on probation, parole, or other release pending completion of sentence; and any other facts the court considers relevant.
We note that petitioner is living with and caring for his mother in Lakeland, Florida, and has been doing so since 1990; he is not employed because he is disabled, and his only source of income is his social security benefits.[1] Excessive bail, depending on a defendant’s financial circumstances, is tantamount to no bail. See Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). We note that at bar, as in Puffinberger v. Holt, 545 So.2d 900 (Fla. 4th DCA 1989), the trial court apparently did not consider any conditions other than the bail when it set the excessive amount.
Accordingly, we quash the trial court’s order and remand for further consideration consistent with this opinion.
GLICKSTEIN, GUNTHER and POLEN, JJ., concur.

. Respondent contends that petitioner's financial circumstances cannot be too bad, since he managed to retain private counsel. Petitioner's counsel, however, states that he is representing petitioner without charge, except for costs. As to respondent’s ability to post a previous $756 bond, petitioner stated below that the money came from what his mother and a friend of hers were able to "scrape together.” Obviously, there is great disparity between $756 and $50,000.