664 So.2d 31 (1995)
William H. PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1792.
District Court of Appeal of Florida, Fourth District.
November 29, 1995.
Rehearing and Rehearing Denied December 29, 1995.
*32 William H. Patterson, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied December 29, 1995.
GUNTHER, Chief Judge.
Appellant, William H. Patterson, defendant below (Defendant) appeals a circuit court's denial of his petition for writ of habeas corpus. Because it is apparent that Defendant is seeking an untimely motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, we affirm the denial.
Although Defendant filed a petition for writ of habeas corpus, his issues presented of involuntariness of plea and ineffective assistance of trial counsel do not fall under those most often raised in habeas corpus petitions. See Puffinberger v. Holt, 545 So.2d 900 (Fla. 4th DCA 1989) (challenging denial of reasonable bail pending trial); Marshall v. Dugger, 526 So.2d 143 (Fla. 3d DCA 1988) (raising a claim of ineffective assistance of appellate counsel); Galloway v. Josey, 507 So.2d 590 (Fla. 1987) (challenging legality of detention in extradition proceedings). Moreover, habeas corpus is not a vehicle for obtaining additional appeals on issues which were raised or should have been raised on appeal or could have been challenged pursuant to Florida Rule of Criminal Procedure 3.850. Robbins v. State, 564 So.2d 256, 257 (Fla. 1st DCA 1990).
It has been held that Rule 3 (3.850 motions) completely superseded habeas corpus as the means of collateral attack of a judgment and sentence in Florida. State v. Broom, 523 So.2d 639 (Fla. 2d DCA 1988). As such, the rule is intended to provide a complete and efficacious post conviction remedy to correct convictions on any grounds which subject them to collateral attack. Id. at 641. Rule 3.850 has specific time limitations and mandates that no motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final in a noncapital case.
In the instant case, Defendant's issues of involuntariness of plea and ineffective assistance of trial counsel are among those issues that should be raised by a motion for post-conviction relief, not a petition for habeas corpus. See generally Whitehead v. Dugger, 544 So.2d 1070 (Fla. 4th DCA 1989); see also Brown v. Wainwright, 383 So.2d 754 (Fla. 4th DCA 1980) (illegal sentence should be raised by motion for post-conviction relief and not petition for writ of habeas corpus). Defendant concedes that he was seeking post-conviction relief outside the two year time limit of rule 3.850. Accordingly, we affirm the trial court's denial of Defendant's petition for writ of habeas corpus.
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.