674 So.2d 889 (1996)
Richard LEICHTMAN, Appellant,
v.
Harry SINGLETARY, Secretary, Florida Department of Correction, Appellee.
No. 94-1308.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
*890 Richard Leichtman, Indiantown, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant Richard Leichtman files a pro se appeal from an order denying his petition for writ of habeas corpus entered by the Circuit Court of the Nineteenth Judicial Circuit in and for Martin county (Martin county) on April 25, 1994. Appellant attacks the voluntariness of his plea as well as the legality of one of his sentences from his conviction in 1972 on four counts of sexual battery in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County (Dade county) on June 26, 1972. As appellant collaterally attacks his Dade county judgment and sentence, we declare that Martin county lacked jurisdiction to hear appellant's petition. Accordingly, we vacate the Martin county order denying appellant's petition for writ of habeas corpus and dismiss his appeal without prejudice to appellant to seek other relief in the appropriate judicial circuit.
From the limited record that we have before us it appears that appellant's trial on four counts of sexual battery began on or about June 26, 1972. Shortly after the commencement of a jury trial, appellant entered a plea of guilty to all four counts. At the *891 adjudication proceeding, appellant was sentenced on one count to "life in a mental institution" and to life in prison on the remaining three counts.
On appeal, appellant contends that the sentence to "life in a mental institution" is an illegal sentence based upon Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), decided by the United States Supreme Court on June 7, 1972. In Jackson, the Supreme Court held that the indefinite pretrial commitment of a defendant solely on account of his incompetency to stand trial is violative of the Fourteenth Amendment due process clause. Id.
It has been held that appellate review is always available where a court has imposed an illegal sentence, even if the judgment and sentence have resulted from a guilty plea. See Robbins v. State, 413 So.2d 840, 841 (Fla. 3d DCA 1982) (citing Bridges v. State, 376 So.2d 233 (Fla.1979)); see also Chikitus v. Shands, 373 So.2d 904 (Fla.1979); Williams v. State, 280 So.2d 518 (Fla. 3d DCA 1973).
Based on the foregoing and principally based on Jackson, appellant collaterally attacks the voluntariness of plea. However, he does so by seeking relief by a petition for writ of habeas corpus in Martin county, the county of his incarceration, rather than in Dade county, the county in which his plea was accepted. As to this issue, Martin county was without jurisdiction to hear his petition.
The circuit court of the county in which a defendant is incarcerated may, issue a writ to inquire into the cause of detention of a petitioner, and may discharge the person held in custody if it is shown that his retention is without jurisdiction or that the order under which he is held is void. See Janes v. Heidtman, 272 So.2d 207, 208 (Fla. 4th DCA 1973). As explained by the second district in State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988), appeal dismissed, 545 So.2d 1366 (Fla.1989), a circuit court has no jurisdiction to review the legality of a conviction in another circuit and to order a new trial, and a habeas may not be used to collaterally attack the conviction, even in the same county where the petitioner was tried. Generally, the circuit court is not empowered, through habeas corpus, to review the propriety, regularity or sufficiency of an order of a court over which no supervisory or appellate jurisdiction is had. State ex rel. Renaldi v. Sandstrom, 276 So.2d 109, 110 (Fla. 3d DCA 1973). As such, review is not permitted by the circuit court in the county of incarceration over issues such as a plea or any feature of a trial. See Sandstrom, 276 So.2d at 110. As appellant takes issue with the voluntariness of his plea, a matter which attacks the merits of conviction, Martin county was without authority to review this matter by writ of habeas corpus. See Sandstrom; see also Carmen v. State, 300 So.2d 713 (Fla. 2d DCA 1974).
Furthermore, both bases for relief raised by appellant, the voluntariness of his plea and the legality of his sentence, are the issues that should be raised by a motion for post-conviction relief, not by petition for habeas corpus. Patterson v. State, 664 So.2d 31, 32 (Fla. 4th DCA 1995), rehearing and rehearing en banc denied, (December 29, 1995); Washington v. Dugger, 579 So.2d 922 (Fla. 3d DCA 1991) (Clearly, an illegal sentence can be corrected at any time by a motion to vacate, pursuant to rule 3.850, Florida Rules of Criminal Procedure); see also Brown v. Wainwright, 383 So.2d 754 (Fla. 4th DCA 1980).
The remedy of habeas corpus is not available as a substitute for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. See Finley v. State, 394 So.2d 215 (Fla. 1st DCA 1981). In Broom, the court explained:
Prior to the adoption of Criminal Procedure Rule No. 1 (now Florida Rule of Criminal Procedure 3.850, hereinafter referred to as "Rule 3"), the proper procedure for collaterally attacking a judgment and sentence in Florida, post-judgment and post-appeal, was by filing a petition for writ of habeas corpus in the county in which the petitioner was incarcerated. However, because of the flood of habeas petitions stemming from the retroactive application of the decision of Gideon v. *892 Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Florida Supreme Court adopted Rule 3 effective April 1, 1963. See Roy v. Wainwright, 151 So.2d 825 (Fla.1963). The venue for Rule 3 motions, as provided in the rule, is the same court which imposed the judgment or sentence which is being collaterally attacked. Thus, the adoption of Rule 3 tended to relieve the circuit courts where the major prisons were located from this burden. Also, as the opinion in Roy indicates, the trial court where petitioner was tried is "best equipped" to adjudicate the rights of that petitioner.
Rule 3 contains the following reference to habeas corpus:
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
523 So.2d at 640.
Accordingly, it has been held that Rule 3 (3.850 motions) completely superseded habeas corpus as the means of collateral attack of a judgment and sentence. Id. at 641. As such, the rule is intended to provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack.[1]Id.
As stated by the Florida Supreme Court in Finley: [T]he remedy of habeas corpus is not available as a substitute for post-conviction relief under Rule 3.850, Fla. R.Crim.P. An application for writ of habeas corpus shall not be entertained where the applicant has failed to first apply for post-conviction relief, provided a motion for post-conviction relief is adequate to test the legality of the detention.... Therefore, since the issue raised in appellant's petition for habeas corpus may be raised to a motion for post-conviction relief, his failure to exhaust this remedy precludes habeas relief.
394 So.2d at 216 (citations omitted).
As these issues are generally cognizable by post-conviction relief, if appellant is entitled to any relief under rules 3.800 or 3.850, Florida Rules of Criminal Procedure, such motions must be addressed to the trial court in Dade county which passed sentence upon him. See Whitehead v. Dugger, 544 So.2d 1070 (Fla. 4th DCA 1989).
Accordingly, the appealed order is reversed with direction to vacate for lack of jurisdiction without prejudice to appellant to seek other relief in the appropriate judicial circuit.
GLICKSTEIN and STEVENSON, JJ., concur.
NOTES
[1] Habeas corpus remains available in the following areas which do not involve a collateral attack of the judgment and sentence and thus are not covered by Rule 3: (1) to attack computations of gain time and other determinations of the parole and probation commission; (2) to test pretrial detention and the denial of pretrial bond or excessive pretrial bond; (3) to determine the right to a delayed appeal; (4) to challenge extradition; and (5) to challenge the effectiveness of appellate counsel in a previous appeal. State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988), appeal dismissed, 545 So.2d 1366 (Fla.1989).