GOSHORN, Judge.
Marvin Jacobs appeals the summary dismissal of his petition for writ of habeas corpus, asserting inter alia that the trial court should have considered the merits of his ease.[1] The State contends that the trial court’s summary dismissal of the petition for lack of jurisdiction was correct because Jacobs was neither convicted nor incarcerated within the territorial jurisdiction of the Ninth Judicial Circuit. We disagree. The record demonstrates that Jacobs was incarcerated in Orlando on the date he filed the petition and on the date the trial court ruled, and therefore, the trial judge in the Ninth Judicial Circuit possessed jurisdiction to rule on the petition’s merits. See Raley v. State, 675 So.2d 170, 172 (Fla. 5th DCA) (noting that petitions for habeas corpus must be filed with the clerk of the court in the county where the *25 defendant is detained), dismissed, 678 So.2d 1287 (Fla.1996); Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996) (stating that “[t]he circuit court of the county in which a defendant is incarcerated may ... issue a writ to inquire into the cause of detention of a petitioner, and may discharge the person held in custody if it is shown that his retention is without jurisdiction ... ”). We accordingly reverse and remand for the trial court to evaluate the merits of Jacobs’ petition or, if Jacobs is no longer detained in Orlando, to transfer the cause to the circuit court in which Jacobs is now incarcerated for review.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PETERSON, C.J., and SHARP, W., J., concur.

. The State has raised a question of this court's jurisdiction, asserting that “[i]f the Ninth Circuit did not acquire personal or subject matter jurisdiction in this case, then this Honorable Court is also without jurisdiction.” However, even if the Ninth Judicial Circuit Court lacked jurisdiction, this court has jurisdiction to review the propriety of its decision. See Fla. R.App. P. 9.030(b)(1)(A) ("District courts of appeal shall review by appeal ... final orders of trial courts, not directly reviewable by the supreme court or a circuit court ... ") (footnotes omitted); see also § 26.021(9) Fla. Stat. (1995) (stating that Orange County is located the Ninth Judicial Circuit); § 35.043, Fla. Stat. (1995) ("The Fifth Appellate District is composed of the ... Ninth ... Judicial Cir-cuid]”).