714 So.2d 1043 (1998)
James L. FREDERICK, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3910.
District Court of Appeal of Florida, Fourth District.
June 3, 1998.
Rehearing, Clarification and Certification Denied August 18, 1998.
James L. Frederick, Polk City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The trial court determined that it did not have jurisdiction to hear a petition for writ of habeas corpus because petitioner was incarcerated in another county. However, in this case, the subject of the habeas petition involved the conduct of petitioner's trial in Broward County. As to habeas petitions based on trial issues, review is not permitted by the circuit court in the county of incarceration. See Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996). Habeas petitions directed to trial issues must be brought in the circuit court for the county where the trial occurred. See id.
Despite its jurisdictional finding, the trial court also ruled that the issues raised by petitioner had already been raised and denied in a motion for postconviction relief. The trial court correctly noted that habeas corpus cannot be used as a substitute for a postconviction motion under Rule 3.850. Hildwin v. Dugger, 654 So.2d 107, 110-11 (Fla.), cert. denied, 516 U.S. 965, 116 S.Ct. 420, 133 L.Ed.2d 337 (1995). Thus, the petition was properly denied.
STONE, C.J., and GLICKSTEIN and WARNER, JJ., concur.