PLEUS, J.
Craig Andra Moore seeks a writ of ha-beas corpus. He is presently detained at Tomoka Correctional Institution which is physically located within the jurisdictional boundary of this court. He raises issues regarding two criminal cases out of Hills-borough County, Florida. One issue concerns the charging documents and raises evidentiary issues, despite the fact that he entered guilty pleas in both cases. He also raises collateral issues which could be interpreted as a claim of involuntary plea. Apparently the Hillsborough County Circuit Court has scheduled a 3.850 evidentia-ry hearing for April 18, 2002 in one of his cases.
Because we lack jurisdiction, the petition is denied. The appropriate court is the Second District Court of Appeal. See McLevy v. State, 787 So.2d 194 (Fla. 1st DCA 2001) (court in one circuit properly denied habeas challenging judgment and sentence in different circuit because reviewing court lacked jurisdiction); Frederick v. State, 714 So.2d 1043 (Fla. 4th DCA 1998) (habeas petition based on trial issues must be brought where trial occurred, not where a defendant is incarcerated); McLeroy v. State, 704 So.2d 151 (Fla. 5th DCA 1997) (petition for habeas corpus alleging ineffective assistance of trial counsel must be filed in court where original sentence imposed, not where defendant is incarcerated).
DENIED.
GRIFFIN and PALMER, JJ„ concur.