TAYLOR, J.
Petitioner Joseph Nardueci seeks habe-as corpus review of the trial court’s denial *623 of his motion to reduce bond set at $150,000 on each of two counts of lewd computer solicitation of a child, under Section 847.0135, Fla. Stat. (2006). We grant the petition, quash the order denying petitioner’s motion for reduction of bond, and remand for further bond proceedings.
Petitioner was charged with two counts of lewd computer solicitation. At first appearance, the court set bond at $150,000 per count, for a total bond of $800,000. Petitioner filed a motion to reduce bond, arguing that he has been declared indigent and that he is financially unable to post the bond as set.
During the hearing on the motion to reduce bond, petitioner’s testimony established the following: Petitioner and his family have lived in Interlachen, Florida since the late 1980’s. His only prior conviction was for a DUI in 1984. He has no record of a failure to appear for any court proceedings. He earns about $25,000 per year, and his wife earns about $17,000 per year. Petitioner has a few hundred dollars in savings and equity in his home of about $20,000. Petitioner owns a truck worth about $6,000, and his wife owns a car with an outstanding loan greater than the car’s market value. In sum, petitioner said that his financial circumstances are such that he could post a bond of about $25,000.
The state advised the trial judge that petitioner had confessed to the computer solicitation charges in this case. The judge said that he did not find the bond inappropriate in light of the easy access people' have to the internet. Defense counsel argued that this problem could be solved by imposing a condition of pretrial release that barred petitioner from using a computer for any reason, including the internet. The judge orally denied the motion to reduce bond, stating the following:
The only issue that I see to be disposi-tive of this hearing actually is the nature of the offense as it is supported by the Arrest Affidavit. I don’t think that there’s anyway you can protect members of the public, in particular[] the juvenile members of the public from persons ... who utilize a computer media ... as a means of solicitation, so ... I don’t think there’s anything inappropriate about the bond set here., I don’t think that the community is safe when people have such free[dom], ... and I mean you can walk into almost any place, residence, business, and find computer access, and I’m denying the motion to reduce the bond.
Petitioner acknowledges that matters concerning bail are generally left to the discretion of the trial court, and they are reviewed under an abuse of discretion standard. See Hernandez v. Roth, 890 So.2d 1173, 1174 (Fla. 3d DCA 2004). However, he argues that an abuse of discretion will be found when the trial court denies a motion to reduce bond for a reason that is not based on the criteria set forth in the statutes, rules, and case law governing bond actions and the evidence presented during the bond hearing. See generally Flores v. Cocalis, 453 So.2d 1198 (Fla. 4th DCA 1984); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). The setting of an excessive bond is the functional equivalent of setting no bond at all, and habeas corpus will lie in those circumstances. Id.; Dyson v. Campbell, 921 So.2d 692 (Fla. 1st DCA), review denied, 933 So.2d 520 (Fla.2006).
In Puffinberger v. Holt, 545 So.2d 900 (Fla. 4th DCA 1989), we held that the trial court abused its discretion in denying the defendant’s request to reduce her $200,000 bond upon the trial court’s stated reason that it would be “a disservice to the State” to grant a reduction. Id. at 902. We held *624 that this was not proper criteria for considering bond reduction. Further, because the bond was excessive, based on the evidence, we said that it was tantamount to a denial of bail, in violation of Article I, Section 14 of the Florida Constitution. Id.
Here, the trial judge’s remarks indicate that he based his denial of bond reduction primarily on the nature of the computer solicitation charge. The judge found that the danger to juveniles in the community posed by the charge, in general, justified the $300,000 bond, which, in this case, is tantamount to no bond at all. This is similar to the judge’s conclusion in Puffinberger that it would be “a disservice to the State” to grant a bond reduction. The decision here appears to not have been based on legally relevant factors, such as petitioner’s financial resources, family ties, length of residence in the community, employment history, past and present conduct, and record of appearing or failing to appear at prior court proceedings. In addition, the court failed to consider defense counsel’s suggestion to bar petitioner’s access to the internet as a condition of the petitioner’s release.
Accordingly, we grant the petition for writ of habeas corpus, quash the order denying the motion for reduction of bond, and remand this case to the trial court with directions to hold a new hearing on the motion to reduce bond, with full consideration of those factors set forth in Good v. Wille, section 903.046, Florida Statutes (2006), and Florida Rule of Criminal Procedure 3.131. See Puffinberger, 545 So.2d at 903.
STEVENSON, C.J., and GROSS, J., concur.