ROTHENBERG, J.
 

 Steven Leon Pinder (“Pinder”) appeals the trial court’s order denying his petition for writ of habeas corpus and/or relief from judgment. We affirm.
 

 The procedural history of this case is as follows. Pinder was tried and convicted on July 15, 1992, of one count of attempted sexual battery on a minor and one count of sexual battery on a minor. The judgment and sentences were affirmed on appeal.
 
 Pinder v. State,
 
 620 So.2d 770 (Fla. 3d DCA 1993). On or about January 9, 1996, Pinder filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, which was denied by the trial court and then affirmed by this Court on April 17, 1996.
 
 Pinder v. State,
 
 673 So.2d 41 (Fla. 3d DCA 1996).
 

 In 2005, Pinder filed three motions: (1) a petition for writ of habeas corpus, which was filed on April 19, 2005, and denied by the trial court on May 9, 2005; (2) a motion for postconviction relief, filed in December 2005, and denied on February 28, 2006; and (3) a motion for postconviction DNA testing, which was also filed in December 2005, and denied on February 28, 2006. These orders were not appealed. On April 12, 2007, Pinder filed another postconviction motion, which was also denied by the trial court, and on July 13, 2009, he filed the petition for writ of habe-as corpus and/or relief from judgment that is the subject of this appeal.
 

 Pinder’s petition raises three claims which, he argues, militate in favor of his immediate release from incarceration: (1) he was improperly charged by information rather than by indictment; (2) he is an innocent man who was convicted as a result of the inadequate investigations performed by law enforcement and the State; and (3) although his claims are procedurally barred, it would result in manifest injustice to not consider them. We conclude that the trial court properly denied Pin-der’s petition as his first and third claims are without merit, and his second claim is both procedurally barred and time-barred.
 

 Pinder, who was charged with two counts of sexual battery on a minor, was properly charged by information.
 
 *337
 
 Florida Rule of Criminal Procedure 3.140 provides as follows: “(1) Capital Crimes. An offense that may be punished by death shall be prosecuted by indictment. (2) Other Crimes. The prosecution of all other criminal offenses shall be as follows: In circuit courts and county courts, prosecution shall be solely by indictment or information .... ” Thus, the State Attorney must charge all criminal offenses punishable by death by indictment, but may elect whether to charge all other offenses by either filing an indictment or an information.
 
 See also State v. Hogan,
 
 451 So.2d 844, 845 (Fla.1984) (holding that a “capital case” is one where death is' a possible penalty).
 

 In Pinder’s second claim, he contends that he is innocent of the charges. He posits that his convictions were obtained by “false and perjured” evidence. Because Pinder was represented by counsel, his claim, in reality, is a claim of ineffective assistance of trial counsel, which the trial court correctly found was both procedurally barred and time-barred, and insufficient as pled.
 
 See Patterson v. State,
 
 664 So.2d 31, 32 (Fla. 4th DCA 1995) (affirming denial of petition for habeas corpus where it was apparent the defendant was merely seeking an untimely motion for-rule 3.850 relief);
 
 Ragan v. State,
 
 643 So.2d 1175, 1176 (Fla. 3d DCA 1994) (holding that where the initial motion for post-conviction relief raises a claim of ineffective assistance of counsel, the trial court may deny a successive motion which raises additional grounds of ineffective assistance of counsel if abuse of process is evident). In a subsequent motion, the defendant must state legitimate reasons why the facts in support of his present claim were not known and could not have been known to him at the time of the filing of his first motion.
 
 Christopher v. State,
 
 489 So.2d 22, 24 (Fla.1986). If the defendant fails to do so, the successive motion constitutes an abuse of process.
 
 Foster v. State,
 
 614 So.2d 455, 458 (Fla.1992).
 

 Affirmed.