ROTHENBERG, J.
Steven Lane Shelton (“Shelton”) appeals the trial court’s denial of his petition for writ of habeas corpus, which was denied based on the trial court’s conclusion that the petition had been previously ruled on and transferred to the Nineteenth Circuit. We reverse. Although the record reflects that the Miami-Dade circuit court did transfer Shelton’s petition to the Nineteenth Circuit, believing jurisdiction was where Shelton was incarcerated, the Nineteenth Circuit correctly determined that because Shelton was challenging the sentence originally imposed in Miami-Dade County, not the propriety of the revocation of his conditional release, jurisdiction lies in the Eleventh Circuit. See Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996) (holding that the only court that has jurisdiction to hear a challenge as to the legality of a conviction or sentence is the court where he was convicted and sentenced). Thus, the Nineteenth Circuit transferred the petition back to Miami-Dade County. Because the Eleventh Judicial Circuit Court has not ruled on the merits of Shelton’s claim, and we are unable, based on the incomplete record provided, to resolve the claim, we reverse and remand for a determination by the trial court.
In 1995, Shelton was tried and convicted for the offense of possession of a firearm by a convicted felon, a second degree felony, in violation of section 790.23(1)(a), Florida Statutes (1995). Based on the State’s notice to seek an enhanced sentence, and the subsequent sentencing hearing where Shelton’s prior convictions were considered by the trial court, Shelton was sentenced to twenty years of incarceration, with a minimum mandatory sentence of ten years as a habitual violent felony offender pursuant to section 775.084(l)(b), Florida Statutes (1995). The conviction and sentence were affirmed on direct appeal.[1] Shelton v. State, 706 So.2d 1382 (Fla. 3d DCA 1998).
On April 1, 2008, Shelton was released from prison on conditional release. After he violated the conditions of his release, Shelton was rearrested and incarcerated to complete the original sentence imposed in 1995. Thereafter, Shelton filed the instant *871 petition challenging the legality of his original habitual violent felony offender sentence. The trial judge assigned to the division that imposed the sentence incorrectly transferred the petition to the Nineteenth Circuit, where Shelton was incarcerated. When the Nineteenth Circuit transferred the petition back to the Eleventh Judicial Circuit Court, it was assigned to the current judge presiding over that division.
Shelton claims his sentence and continued- incarceration are illegal because he lacked the requisite felony convictions to enable the trial court to impose a habitual violent felony offender sentence. Because the record provided to this Court does not conclusively refute Shelton’s claim, we remand the trial court to rule on the petition.
Reversed and remanded.

. Several unsuccessful postconviction challenges were additionally made, but they are not relevant herein.