IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ELTON LEE BAKER,

      Appellant,

 v.                                   Case No.  5D16-3334

DEPARTMENT OF CORRECTIONS
AND STATE OF FLORIDA,

      Appellees.

_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Elton Lee Baker, Lowell, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee, State of Florida.

No Appearance for Other Appellee.

WALLIS, J.

Elton Lee Baker appeals the Marion County trial court's denial of his Emergency

Petition for Writ of Habeas Corpus. Baker was convicted and sentenced in Sumter County

to a twenty-year prison sentence for attempted sexual battery upon a child under twelve

years of age and attempted lewd or lascivious molestation of a child under twelve years

of age. In his petition, Baker challenged his convictions and sentences on the basis that the State failed to amend the charging information to reflect his conviction for a lesser-included offense. Baker also challenged the constitutionality of sections 749.011 and 800.04, Florida Statutes (2007), because they require no mens rea element.

When a petitioner challenges the validity of his or her conviction or sentence, jurisdiction in habeas proceedings lies with the trial court that imposed the judgment and sentence. See Sheriff v. Moore, 781 So. 2d 1146, 1147 (Fla. 1st DCA 2001); Frederick v. State, 714 So. 2d 1043, 1043 (Fla. 4th DCA 1998) ("Habeas petitions directed to trial issues must be brought in the circuit court for the county where the trial occurred."). The State properly concedes that the Marion County court lacked jurisdiction to rule on the merits of Baker's petition, which attacked his Sumter County convictions and sentences. Accordingly, we quash the trial court's order and remand with instructions to transfer the petition to Sumter County. See Bush v. State, 945 So. 2d 1207, 1214–15 (Fla. 2006).

ORDER QUASHED; REMANDED with Instructions.

BERGER, J., and JACOBUS, B.W., Senior Judge, concur.