# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1276
Lower Tribunal No. F96-12195
_____

**Vincent Brown,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Vincent Brown, in proper person.

James Uthmeier, Attorney General, for petitioner.

Before SCALES, C.J., and EMAS and GOODEN, JJ.

PER CURIAM.

Vincent Brown files this petition for writ of habeas corpus, alleging he has done so to correct a "manifest injustice" related to his convictions and life sentences for three counts of armed robbery in circuit court case number F96-12195. We affirmed the judgments and sentences in 2001. Brown v. State, 798 So. 2d 741 (Fla. 3d DCA 2001).

Since that time, Brown acknowledges that he "has engaged in a litany of pro se postconviction pleadings to the point of being pro se banned in the trial court." Indeed, the trial court, in a July 2016 order, prohibited Brown from proceeding pro se in circuit court case number F96-12195.

Upon our review, we determine that Brown filed the instant original proceeding in a rather transparent attempt to circumvent the trial court's bar order, which requires any pleading or other document filed in the trial court be reviewed and signed by a Florida Bar member in good standing.

Instead of filing an original proceeding with this court seeking habeas corpus relief, Brown is instead required to seek relief in the first instance by way of a motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.850 or 3.800. See Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004) ("'The remedy of habeas corpus is not available as a substitute for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure.' Nor can habeas corpus be used as a means to seek a second appeal or to

2

litigate issues that could have been or were raised in a motion under rule 3.850.") (quoting <u>Leichtman v. Singletary</u>, 674 So. 2d 889, 891 (Fla. 4th DCA 1996)); <u>Brown v. State</u>, 316 So. 3d 743, 743 (Fla. 3d DCA 2023) ("[A] petition for writ of habeas corpus is not a substitute for a postconviction motion under Florida Rule of Criminal Procedure 3.800(a) or 3.850") (quoting <u>Lindo v. State</u>, 981 So. 2d 1212 (Fla. 3d DCA 2008)).

We do not reach the merits of any claim raised in the instant petition, nor offer any opinion whether said claims are procedurally barred. Instead, we dismiss the instant petition without prejudice to the filing of a proper and timely motion in the trial court which, consistent with the trial court's 2016 order barring Brown from proceeding pro se, requires that any such motion be reviewed and signed by a Florida Bar member in good standing.

Petition dismissed.