PER CURIAM.
Respondent-appellants appeal an order sustaining writ of habeas corpus.
By complaint issued on December 24, 1973, petitioner-appellee Alexander Kolski was charged with disorderly conduct in violation of the City of Miami Code 38-10(a). Thereafter, on January 29, 1974 appellee filed a petition for writ of habeas corpus which was issued to Bernard Gar-mire, Chief of Police of the City of Miami. *76 Respondent Garmire filed a motion to quash or dismiss and as grounds therefor alleged that petitioner was not being held in his custody. Thereupon, petitioner-ap-pellee filed an amended petition for writ of habeas corpus and named as respondents Bernard Garmire, Jack Sandstrom, Director of. the Dade County Jail, and E. Wilson Purdy, Sheriff of Dade County. On February 19, 1974 a writ of habeas corpus was issued and on February 25, 1974 respondents filed their return to the writ. A hearing was held thereon at the conclusion of which the circuit court judge entered an order sustaining writ of habeas corpus based upon the finding that the petitioner-appellee was in custody pursuant to an arrest for violating Section 38-10 (a) of the Miami Municipal Code and that the ordinance was unconstitutional for its vagueness. The judge also entered an order dismissing the petition and amended petition for writ of habeas corpus as to respondent Bernard Garmire. Respondents Sandstrom and Purdy appeal the order sustaining writ of habeas corpus.
Respondent-appellants first contend that the trial court erred in considering a petition for writ of habeas corpus, issuing a writ thereon and granting a writ of habeas corpus when the petitioner was not, in fact, in the custody of respondents. We find this point has merit.
The record in the case sub judice reflects that a complaint was issued to the petitioner-appellee who promised to appear in court at a time and place to be designated at some future date. Thus, we conclude that the petitioner was not in the custody of respondent-appellants and, therefore, the trial court lacked jurisdiction to entertain the subject petition for writ of habeas corpus. See Starr v. Smith, Fla.1955, 77 So.2d 834.
Accordingly, the order sustaining the petition for writ of habeas corpus hereby is quashed.
It is so ordered.