ORFINGER, Judge.
Petitioner filed a petition for writ of cer-tiorari to review an order of the circuit court which required the Sheriff of Sumter County to take her into custody and incarcerate her as a material witness in a criminal proceeding, unless she posts a bond in the sum of $100,000 “to ensure her appearance at any future court hearing” and additionally notifies the Office of the State Attorney of the Fifth Judicial Circuit of her current address or where she can be contacted. This court ordered that the petition be treated as one for habeas corpus and required the State to respond. We have considered the response and petitioner’s reply thereto, and conclude that it was inappropriate to treat the petition as one for habeas corpus.
Petitioner is a victim of and material witness to an aggravated assault and an attempted murder. Petitioner’s whereabouts are presently unknown and attempts to locate her have been unsuccessful. She has been uncooperative, although she argues that the State Attorney is attempting to question her regarding alleged criminal activities of her co-victim/boyfriend, rather than inquiring into the facts of the relevant crime.
The petitioner is admittedly not in custody and is avoiding arrest. A petitioner who is not in custody is not entitled to a writ of habeas corpus. Starr v. Smith, 77 So.2d 834 (Fla.1955). Relying on Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293 (1943) and Ex Parte Bosso, 41 So.2d 322 (Fla.1949), petitioner argues that actual physical custody is not required to support a habeas corpus petition, but those cases do not show her entitlement to habeas corpus relief here. In Sellers, the court held that a petitioner who was on parole is under sufficient restraint for habeas corpus purposes. In Bosso, the same principle was applied to a petitioner who was on probation. But neither of those facts is present here. Petitioner is not yet under any restraint as she has not been taken into custody. Cf. Sandstrom v. Kolski, 305 So.2d 75 (Fla. 3d DCA 1974) (petitioner who promised to appear at a future date was not in custody for the purposes of habeas corpus). As stated in Carfas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), to meet the requirement of custody, there must be a significant restraint imposed on one’s liberty. The petitioner in this case is not in custody and the only restraint she is suffering is a result of avoiding legal process. Habeas corpus is not an available remedy under these circumstances. Because other remedies are clearly available when the court order is enforced, we decline to consider the original request for a writ of certiorari.
Writ DENIED.
DAUKSCH and UPCHURCH, JJ., concur.