763 So.2d 283 (2000)
Clifton JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-554.
Supreme Court of Florida.
July 13, 2000.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Celia Terenzio, Assistant Attorney General, Bureau Chief, West Palm Beach, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, Florida, for Respondent.
PER CURIAM.
We accepted review of Johnson v. State, 753 So.2d 657 (Fla. 4th DCA 2000), based on certified conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). As explained in more detail below, we affirm the district court's decision.
The State of Florida alleged that on November 1, 1996, Clifton Johnson committed an aggravated battery with a deadly weapon and an attempted strong-arm *284 robbery. Johnson was convicted as charged and sentenced as a habitual violent felony offender on both counts pursuant to section 775.084, Florida Statutes (1995).
Johnson appealed to the Fourth District arguing that chapter 95-182, which amended the habitual violent felony offender sentencing category incorporated into section 775.084, violated the single subject rule contained in article III, section 6 of the Florida Constitution. The district court affirmed Johnson's habitual violent felony offender sentence. See Johnson, 753 So.2d at 657. Moreover, the Fourth District determined that Johnson lacked standing to challenge the validity of chapter 95-182 because the date of the commission of the crime was outside the window period within which such a challenge could be made. See id. (citing Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999)(holding that only those persons who committed their criminal offense on or after October 1, 1995, but before October 1, 1996, had standing to challenge chapter 95-182 on single subject rule grounds)). In so doing, the Johnson court certified conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), wherein the Second District held that the window period extended from October 1, 1995, through May 24, 1997. See Johnson, 753 So.2d at 657. Johnson sought this Court's review.
Since the issuance of the Fourth District's decision below, this Court has resolved the certified conflict. In Salters v. State, 758 So.2d 667 (Fla.2000), the Court conclusively determined that those who seek to challenge the "violent career criminal sentencing provision enacted by chapter 95-182 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997." Id. at 671. The issue of standing to challenge chapter 95-182, however, is wholly irrelevant in this case because we determine that Johnson was not impacted by the amendments effectuated in chapter 95-182.
The record in this case is clear. The trial court below sentenced Johnson as a habitual violent felony offender, not as a violent career criminal. While a person who has been sentenced as a habitual violent felony offender may be entitled to relief pursuant to our decision in State v. Thompson, 750 So.2d 643, 649 (Fla.1999), which held that "persons who committed their offenses during the applicable window period and were sentenced as habitual violent felony offenders based on the qualifying offense of aggravated stalking" may be entitled to relief (emphasis supplied), the record in this case indicates that Johnson was sentenced as a habitual violent felony offender based on a 1994 robbery conviction. Prior to the amendments produced by chapter 95-182, robbery was one of the qualifying offenses which allowed a trial court to sentence a defendant as a habitual violent felony offender. See § 775.084(1)(b)1.c., Fla. Stat. (1993). Thus, Johnson would have qualified as a habitual violent felony offender prior to the amendments reflected in chapter 95-182.
Notwithstanding, Johnson argues that he was still affected by the terms of chapter 95-182 because that legislation made sentencing as a habitual violent felony offender mandatory, whereas, prior to its enactment, such sentencing was only optional. This argument is entirely without merit. Specifically, Johnson relies on section 775.084(3)(a)6., Florida Statutes (1995), which was created by chapter 95-182, in support of his argument that sentencing as a habitual violent felony offender was made mandatory by chapter 95-182. The plain language of that section, however, indicates the exact opposite. Section 775.084(3)(a)6. states in pertinent part:

*285 For an offense committed on or after October 1, 1995, the court must sentence a defendant who meets the criteria for a habitual felony offender or a habitual violent felony offender to imprisonment pursuant to paragraph (4)(a) or (b) unless the court finds that it is not necessary for the protection of the public.
(Emphasis supplied.) Moreover, section 775.084(4)(d), Florida Statutes (1995), adds that:
If the court finds, pursuant to subparagraph (3)(a)6. or subparagraph (3)(b)5., that it is not necessary for the protection of the public to sentence a defendant who meets the criteria for sentencing as a habitual felony offender, a habitual violent felony offender, or a violent career criminal, with respect to an offense committed on or after October 1, 1995, sentence shall be imposed without regard to this section.
It is therefore apparent that, contrary to Johnson's assertions, the legislative scheme implemented through chapter 95-182 does not make a habitual violent felony offender sentence mandatory.
In sum, we find that Johnson was not affected by the passage of chapter 95-182. Accordingly, we approve the decision below.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.