765 So.2d 246 (2000)
Robert SANCHEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1497.
District Court of Appeal of Florida, Third District.
August 9, 2000.
Robert Sanchez, in proper person.
Robert A. Butterworth, Attorney General, and Kristine Keaton, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and RAMIREZ, JJ.
COPE, J.
Robert Sanchez appeals an order denying his motion for postconviction relief. Although the State has confessed error, we decline to accept the confession and affirm the order now under review.
Defendant-appellant Sanchez was sentenced as a habitual violent felony offender for offenses committed on December 29, 1996. He contends that he was adversely affected by chapter 95-182, Laws of Florida, which amended the habitual offender statute. Chapter 95-182 has been held unconstitutional for a violation of Florida's single subject rule, and defendant's offense date places him within the window period of persons entitled to raise a single subject challenge. See Johnson v. State, 763 So.2d 283 (Fla.2000); State v. Thompson, 750 So.2d 643, 649 (Fla.1999). He argues that he should be resentenced under the laws in effect prior to the enactment of chapter 95-182.
Because defendant has not shown that he was adversely affected by the enactment *247 of chapter 95-182, we conclude that the trial court correctly denied relief. The Florida Supreme Court has held that relief may be obtained by "persons who committed their offenses during the applicable window period and were sentenced as habitual violent felony offenders based on the qualifying offense of aggravated stalking...." Thompson, 750 So.2d at 649 (footnote omitted). The defendant makes no claim that he was adjudicated a habitual violent felony offender based on the qualifying offense of aggravated stalking.
The defendant argues, however, that chapter 95-182 reduced the amount of incentive gain time that a habitual violent felony offender was eligible for. That is not true. Chapter 95-182 made an editorial revision in the part of the habitual offender statute which dealt with the earning of gain time by habitual felony offenders and habitual violent felony offenders. There was no substantive change. Compare ch. 95-182, § 2, Laws of Fla., and § 775.084(4)(j)1, Fla. Stat. (1995) ("A defendant sentenced under this section as a habitual felony offender or a habitual violent felony offender is not eligible for gain-time granted by the Department of Corrections, except that the department may grant up to 25 days of incentive gain-time each month as provided in s. 944.275(4)."), with § 775.084(4)(e), Fla. Stat. (1993), ("A defendant sentenced under this section is not eligible for gain-time granted by the Department of Corrections, except that the department may grant up to 25 days of incentive gain-time each month as provided in s. 944.275(4).").
Defendant also argues that chapter 95-182 imposed a requirement that he serve a minimum of eighty-five percent of his sentence before being released. Again, defendant is mistaken. He cites subparagraph 775.084(4)(j)2., Florida Statutes (1995), but that provision deals with violent career criminals, not habitual felony offenders or habitual violent felony offenders.
It is true that the defendant is subject to the eighty-five percent rule, but that is because of a different law, the Stop Turning Out Prisoners Act. See ch. 95-294, §§ 1, 2, Laws of Fla. (codified as § 944.275(4)(c)2., Fla. Stat. (1995)). The relevant part of the habitual offender statute incorporates subsection 944.275(4) by reference. See id. § 775.084(4)(j)1., Fla. Stat. (1995); § 775.084(4)(e), Fla. Stat. (1993).
Since the defendant has not shown that he was adversely affected by the unconstitutionality of chapter 95-182, it follows that he is not entitled to be resentenced. See Johnson v. State, 763 So.2d at 284; Melgares v. State, 762 So.2d 921 (Fla. 3d DCA 2000) (on rehearing).
Affirmed.