784 So.2d 617 (2001)
Nancy A. MOORE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-829.
District Court of Appeal of Florida, Fifth District.
May 18, 2001.
*618 Nancy A. Moore, Tavares, pro se.
No Appearance for Respondent.
SHARP, W., J.
Moore submitted a letter to the Florida Supreme Court, asking that it grant her relief or assistance in replacing her public defender with other defense counsel. She claims her appointed counsel has lied in court to two trial judges about how he has conducted her representation, and he has not obtained a hand-writing comparison as part of her defense (a step which was directed by a circuit judge). The Florida Supreme Court elected to treat Moore's letter as a petition for habeas corpus, and transferred it to this court for disposition.
We can discover no basis in Moore's letter for issuing an extraordinary writ, nor specifically a writ of habeas corpus. The essence of a traditional common law habeas corpus proceeding is to determine the legality of the restraint under which a person is being held, not to determine the sufficiency of the evidence. Kelly v. State, 92 So.2d 172, 175 (Fla.1956); Kennedy v. Wainwright, 483 So.2d 424, 425-26 (Fla.), cert. denied, 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986). Moore does not declare she is being illegally detained. Nor is habeas corpus appropriate where there is another available and adequate remedy. Walt v. Walt, 574 So.2d 205, 210 (Fla. 1st DCA 1991).
A trial court's denial of a criminal defendant's request to discharge appointed counsel and appoint other counsel is not ordinarily immediately reviewable. Boudreau v. Carlisle, 549 So.2d 1073 (Fla. 4th DCA 1989), cert. denied, 557 So.2d 866 (Fla.1990); Glispy v. Wild, 591 So.2d 272 (Fla. 4th DCA 1991) (prohibition denied). However, failure of a trial court to consider a criminal defendant's pro se motion to do so, or failure to grant the motion after due consideration, are both issues which can be raised on direct appeal. See Sylvester v. State, 766 So.2d 1223 (Fla. 5th DCA 2000); Lewis v. State, 766 So.2d 288 (Fla. 4th DCA 2000).
In this case, it is not clear that Moore has filed a motion in the trial court seeking to have the court discharge her appointed counsel, and in connection therewith, that she has proffered evidence justifying her *619 motion. Our denial of this writ is without prejudice to Moore to pursue such actions.
Petition for Writ of Habeas Corpus DENIED.
COBB and PLEUS, JJ., concur.