789 So.2d 1123 (2001)
John Leon WEST, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1020.
District Court of Appeal of Florida, Third District.
June 27, 2001.
Rehearing Denied July 18, 2001.
*1124 John Leon West, in proper person.
Robert A. Butterworth, Attorney General, and Darien M. Doe, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
COPE, J.
John Leon West appeals an order denying in part, his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant West is subject to the Stop Turning Out Prisoners Act, which among other things requires that the defendant serve a minimum of 85% of his sentence prior to release. § 944.275(4)(b)3., Fla. Stat. (1995).[1] This statute was enacted by chapter 95-294, Laws of Florida.
Defendant argues that the title to chapter 95-294 was constitutionally insufficient. Under the Florida Constitution, the subject of a law "shall be briefly expressed in the title." Art. 3, § 6, Fla. Const. (1968). Defendant contends that the title was insufficient because it did not include a specific reference to the 85% rule.
We reject the defendant's argument on this point.
The title of a statute need not index all of the statute's contents. The proper test is whether the title is so worded as not to mislead a person of average intelligence as to the scope of the enactment and is sufficient to put that person on notice and cause him to inquire into the body of the statute itself.
Williams v. State, 370 So.2d 1143, 1144 (Fla.1979); see 48A Fla. Jur.2d Statutes §§ 62, 81 (2000). The title to this statute gave fair notice that it modified the law relating to release of prisoners. The title was adequate and did not violate the constitutional provision.[2]
Defendant next contends that the Department of Corrections has failed to give *1125 him credit for the 898 days of county jail time which was awarded by the trial court. He also contends that the Department has miscalculated his tentative release date. We affirm the denial of relief without prejudice to the defendant to exhaust his administrative remedies within the Department of Corrections and thereafter to seek judicial review if necessary. Lucio v. State, 673 So.2d 195 (Fla. 3d DCA 1996); Barber v. State, 661 So.2d 355 (Fla. 3d DCA 1995).
Defendant argues that there is an error on his sentencing guidelines scoresheet which should be corrected. We decline to entertain this claim because the defendant was sentenced as a habitual violent felony offender, and not under the guidelines.
Affirmed.
NOTES
[1] The defendant's crime date was December 17, 1995.
[2] The title stated:

An act relating to corrections; creating the "Stop Turning Out Prisoners Act"; amending s. 944.275, F.S., relating to gaintime; revising guidelines with respect to eligibility for gain-time; providing a maximum limitation of 10 days upon the amount of incentive gain-time granted with respect to specified sentences; conforming language relating to incentive gain-time granted by the Department of Corrections; creating s. 944.281, F.S.; granting rulemaking authority to the department relating to ineligibility for gain-time due to disciplinary action; amending s. 775.082, F.S.; providing that persons convicted of any capital felony are ineligible for parole; providing an effective date.