790 So.2d 584 (2001)
Ernesto RIVERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3044.
District Court of Appeal of Florida, Third District.
August 1, 2001.
Rehearing Denied August 17, 2001.
Ernesto Rivera, in proper person.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.

On Rehearing Denied
PER CURIAM.
By motion for rehearing, Ernesto Rivera argues that he is not being granted the amount of gain time to which he is entitled, *585 and points out that he had included with his postconviction motion documentation indicating that administrative relief had been denied. We conclude that defendant-appellant Rivera is not entitled to relief.
Defendant's crime date was June 27, 1996, so defendant falls within the window period for Heggs v. State, 759 So.2d 620 (Fla.2000). Defendant reasons that Heggs held chapter 95-184, Laws of Florida, unconstitutional. Defendant relies on the fact that section 26 of chapter 95-184 contained certain provisions related to gain time. Defendant argues that with the invalidation of chapter 95-184, it follows that he is entitled to have his gain time calculated based on the version of section 944.275, Florida Statutes, which existed prior to 1995.
We reject this argument because the gain time provisions of chapter 95-184 were essentially editorial in nature and did not change the amount of gain time an inmate was entitled to. See id. § 26.
The 1995 substantive changes in the gain time laws were accomplished by a different enactment, the Stop Turning Out Prisoners Act, chapter 95-294, Laws of Florida. Chapter 95-294 provided that for offenses committed on or after October 1, 1995, the Department of Corrections may grant up to ten days per month of incentive gain time. Id. § 2. The same enactment also created the eighty-five percent rule, which requires that an inmate serve a minimum of eighty-five percent of the sentence imposed. The Heggs decision did not affect the validity of chapter 95-294. See West v. State, 789 So.2d 1123 (Fla. 3d DCA 2001); Sanchez v. State, 765 So.2d 246, 247 (Fla. 3d DCA 2000).
The Department correctly advised the defendant that he is required to serve eighty-five percent of his sentence. The Department also was correct in rejecting the defendant's claim that he is entitled to receive twenty days of gain time per month.
Rehearing is denied.