PER CURIAM.
Appellant challenges an order of the trial court denying his motion for clarification or modification of sentence in which he argues that he is entitled to additional gain time pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Although appellant’s offense date of May 10, 1997, falls within the window period established by Trapp v. State, 760 So.2d 924 (Fla.2000), appellant is not entitled to relief on this claim.
Appellant argues that because the supreme court in Heggs found chapter 95-184, Laws of Florida, to be unconstitutional, and because section 26 of that chapter contains provisions related to gain time, it follows that he is entitled to have his gain time calculated on the pre-1995 version of the gain time statute, section 944.275, Florida Statutes (1993). Appellant is not entitled to relief, however, because the amendments to section 944.275 contained within 95-184 were editorial in nature and did not affect the amount of gain time to which inmates are entitled. The amendment from which appellant seeks relief was actually enacted within chapter 95-294, section 2, at 2717, Laws of Florida; this amendment imposed the rule that inmates must serve at least 85% of their sentences. Unlike chapter 95-184, chapter 95-294 has not been declared unconstitutional. See Rivera v. State, 790 So.2d 584 (Fla. 3d DCA 2001).
Moreover, any claim that appellant is entitled to additional gain time based on Heggs is not cognizable in the present motion and should instead be raised administratively before the Department of Corrections. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). Accordingly, appellant’s entitlement to relief, if any, must be obtained through administrative channels followed by, if necessary, the filing of a petition for writ of mandamus naming the Department of Corrections as the respondent. See Bush v. Florida Parole Comm’n, 694 So.2d 872 (Fla. 1st DCA 1997), receded from on other grounds by Sheley v. Florida Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997).
AFFIRMED.
KAHN, VAN NORTWICK and LEWIS, JJ„ CONCUR.