817 So.2d 784 (2002)
Sean Cameron COMER, Petitioner,
v.
Michael W. MOORE, etc., Respondent.
No. SC00-1341.
Supreme Court of Florida.
March 14, 2002.
Rehearing Denied May 15, 2002.
*785 Sean Cameron Comer, Gainesville, FL, pro se.
Susan A. Maher, Deputy General Counsel, Judy Bone, Assistant General Counsel, and Carolyn J. Mosley, Assistant General Counsel, Department of Corrections, Tallahassee, FL, for Respondent.
PER CURIAM.
Sean Cameron Comer petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the reasons set forth below, we deny the petition.

FACTS
As relevant to the instant inquiry, Comer is serving a sentence which totals nine years in connection with a number of crimes he committed in March and April of 1996. Since Comer committed these crimes after October 1, 1995, he may not be awarded more than ten days of incentive gain time per month and the total of his gain time may not exceed 15% of his sentence. See § 944.275(4)(b)3, Fla. Stat. (2001); ch. 95-294, § 2, Laws of Fla. In other words, he must actually serve a minimum of 85% of his sentence incarcerated.
Based on this Court's decisions in State v. Thompson, 750 So.2d 643 (Fla.1999); Heggs v. State, 759 So.2d 620 (Fla.2000); Salters v. State, 758 So.2d 667 (Fla.2000); and Trapp v. State, 760 So.2d 924 (Fla. 2000), Comer argues that the 85% minimum service provision of section 944.275 is invalid and therefore he is entitled to additional gain time.

ANALYSIS
Contrary to Comer's assertion, nothing in Heggs or Thompson indicates or holds that chapter 95-294 is invalid under a single subject analysis. In State v. Thompson, 750 So.2d 643 (Fla.1999), this Court concluded that chapter 95-182, Laws of Florida, violated the single subject requirement of Florida's Constitution and held it to be invalid in its entirety. This required the resentencing of a certain group of inmates. Section 2 of the invalidated law would have only amended section 775.084 to provide that the newly created category of offenders denominated "violent career criminals" would be required to serve 85% of their sentences. In Salters v. State, 758 So.2d 667 (Fla.2000), this Court defined the window period for those affected by Thompson.
In Heggs v. State, 759 So.2d 620 (Fla. 2000), this Court concluded that chapter 95-184, Laws of Florida also violated the single subject requirement and held it to be invalid. In a similar manner, section 26 of the invalid law only amended the principal gain time statute (section 944.275) to generally clarify which version of the gain time statutes should apply if an inmate had multiple sentences from different years. Section 26 did not, however, require that offenders serve 85% of their sentences. In Trapp v. State, 760 So.2d 924 (Fla.2000), this Court defined the window period for application of Heggs.
While the provision relating to serving 85% of sentences imposed for violent career criminals created by chapter 95-182 is clearly null and void after Thompson, Comer is not a violent career criminal, and therefore that isolated section has no application to him. Further, even if he were a career criminal, neither chapter 95-182 nor chapter 95-184 was the law that created the general requirement that 85% of all sentences be actually served. The general provision that created the requirement for serving 85% of the sentence imposed was enacted by chapter 95-294, section 2 (the Stop Turning Out Prisoners Act). It amended section 944.275 to provide that all inmates, not just career criminals, with offense dates on or after October 1, 1995, must serve 85% of their sentences (i.e., no more than 15% of gain time is allowed).
*786 Comer asserts that the unconstitutionality of chapter 95-184 taints the validity of chapter 95-294 simply because it was enacted in the same session and addressed the same statute. The provisions affecting gain time created by chapter 95-184 were directed to only one aspect of gain time. Chapter 95-294, however, encompassed gain time for all offenders who committed their offenses on or after October 1, 1995. As we noted in Bradley v. State, 631 So.2d 1096 (Fla.1994), pursuant to section 1.04, Florida Statutes (2001) ("Statutory Construction"), enactments adopted in the same legislative session and amending the same statutory provision should be given full effect, be read in pari materia, and be construed in harmony to the extent possible. Reading statutory provisions in pari materia does not, as Comer urges, produce the result that a provision is also constitutionally infirm simply because it may affect the same statute as another act which was found to be unconstitutional. Although chapter 95-184, which included some gain time provisions, was held unconstitutional, such determination does not mean that the provisions of chapter 95-294, which provide for reduced gain time for all offenders, must also automatically fail. Chapter 95-184 was an extensive act that attempted to amend many different statutes and was determined to have violated the single subject rule. Chapter 95-294, which was entitled the "Stop Turning Out Prisoners Act," is a very short act affecting very few gain time statutes, and it generally reduces inmates' options for early release. It clearly only relates to the one subject embraced in its title and, thus, it survives the single subject test. See art. III, § 6, Fla. Const.[1] Accordingly, the petition is hereby denied.[2]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, LEWIS, and QUINCE, JJ., concur. ANSTEAD and PARIENTE, JJ., concur in result only.
NOTES
[1] The single subject requirement provides:

Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title. No law shall be revised or amended by reference to its title only. Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection. The enacting clause of every law shall read: "Be It Enacted by the Legislature of the State of Florida:".
Art. III, § 6, Fla. Const.
[2] Our decision today is in accord with a number of district court decisions. See, e.g., Williams v. State, 801 So.2d 183 (Fla. 1st DCA 2001) (law imposing general 85% service provision was not invalidated by Heggs); Nelson v. Moore, 802 So.2d 472 (Fla. 2d DCA 2001) (same); Rivera v. State, 790 So.2d 584 (Fla. 3d DCA 2001) (same).