PER CURIAM.
The petitioner seeks issuance of a writ of habeas corpus and argues that Chapters 97-299 and 98-81 of the Laws of Florida, establishing registration and reporting requirements for sexual offenders, violate the single-subject requirement of the Florida Constitution. See § 943.0435, Fla. Stat. (1998) (providing the sexual offender registration requirements). We dismiss the petition because the petitioner should first raise this issue in the trial court.
In Leichtman v. Singletary, 674 So.2d 889, 892 n. 1 (Fla. 4th DCA 1996), this court enumerated the areas for which the remedy of habeas corpus remains viable absent a collateral attack on a judgment and sentence pursuant to the Florida Rules of Criminal Procedure. The remedy is available:
*1105 (1) to attack computations of gain time and other determinations of the parole and probation commission;
(2) to test pretrial detention and the denial of pretrial bond or excessive pretrial bond;
(3) to determine the right to a delayed appeal;
(4) to challenge extradition; and
(5) to challenge the effectiveness of appellate counsel in previous appeal.
Id. at 892. Petitioner’s single-subject attack on the statutory registration and reporting requirements for sexual offenders does not fit within the identified uses for habeas corpus relief.
We acknowledge that our supreme court has reviewed a single-subject challenge in an original habeas corpus proceeding. See Comer v. Moore, 817 So.2d 784 (Fla.2002). In Comer, however, the petitioner was in custody and sought additional gain time. Comer argued that the Stop Turning Out Prisoner’s Act, which required defendants to serve at least 85% of their sentence, violated the single-subject requirement, and that he was therefore entitled to additional gain time. Because the petition concerned the computation of gain time, it fell within one of the enumerated areas for habeas corpus relief. See Leichtman, 674 So.2d at 892.
In this case, Mortimer is not in custody. He has not shown that he is being illegally restrained of his liberty or that he has no other adequate legal remedy. See Anglin v. Mayo, 88 So.2d 918 (Fla.1956) (explaining that purpose of ha-beas corpus is to test the legality of a restraint upon liberty). Habeas corpus does not lie where the petitioner has other adequate remedies at law. Powell v. Fla. Dept. of Corr., 741 So.2d 1201 (Fla. 1st DCA 1999); Moore v. State, 784 So.2d 617 (Fla. 5th DCA 2001).
For these reasons, the petition for writ of habeas corpus is dismissed.
POLEN, HAZOURI and MAY, JJ., concur.