PER CURIAM.
 

 This is an appeal of an order denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). As the trial court order indicates, defendant-appellant John L. West has unsuccessfully made the same claims
 
 *882
 
 previously, but he contends that the court should apply the manifest injustice exception to the res judicata doctrine.
 
 See State v. McBride,
 
 848 So.2d 287 (Fla.2003).
 

 We reject the defendant’s argument. The defendant claims that he does not qualify as a habitual violent felony offender, but the defendant is in error.
 
 See Johnson v. State,
 
 763 So.2d 283, 284 (Fla.2000) (persons are entitled to relief under
 
 State v. Thompson,
 
 750 So.2d 643 (Fla.1999), if they committed their offenses during the applicable window period and were sentenced as habitual violent felony offenders based on the qualifying offense of aggravated stalking). As the defendant was not habitualized on the basis of an aggravated stalking conviction, his argument under
 
 Thompson
 
 is without merit. The defendant’s remaining claims are without merit. In light of the foregoing, no manifest injustice has been shown for
 
 McBride
 
 purposes.
 

 Affirmed.