# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0063
Lower Tribunal No. F24-523
_____

**Orlando Chillon Hernandez,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for respondent.

Before EMAS, LINDSEY, and MILLER, JJ.

MILLER, J.

Petitioner, Orlando Chillon Hernandez, seeks a writ of habeas corpus granting his release from the Dade County Jail under the supervision of an approved pretrial service program. The trial court denied nonmonetary release because section 907.041(5)(b), Florida Statutes (2023), prohibits granting such release to alleged perpetrators of domestic violence at a first appearance hearing. Hernandez contends section 907.041(5)(b) is indistinguishable from its predecessor, section 907.041(4)(b), which was invalidated as unconstitutionally infringing upon the rulemaking authority of the Florida Supreme Court in State v. Raymond, 906 So. 2d 1045 (Fla. 2005).

It is well-settled that a petitioner seeking relief in habeas corpus must demonstrate he or she is in custody. See Lambertson v. State, 479 So. 2d 773, 774 (Fla. 5th DCA 1985) ("A petitioner who is not in custody is not entitled to a writ of habeas corpus."); Starr v. Smith, 77 So. 2d 834, 834 (Fla. 1955) (quashing writ of habeas corpus because defendant was not in custody when relief was granted); see also Mortimer v. State, 922 So. 2d 1104, 1105 (Fla. 4th DCA 2006) (dismissing petition for writ of habeas corpus because petitioner failed to show illegal restraint of liberty or no other adequate legal remedy); Anglin v. Mayo, 88 So. 2d 918, 920 (Fla. 1956) (explaining purpose of habeas corpus is to test legality of restraint on liberty).

Because here, Hernandez was released from custody during the pendency of the petition, he is unable to demonstrate there is "a significant restraint imposed on [his] liberty." <u>Lambertson</u>, 479 So. 2d at 774. Accordingly, we are constrained to deny the petition.

Petition denied.