344 So.2d 927 (1977)
David Allen WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1739.
District Court of Appeal of Florida, Third District.
April 12, 1977.
Rehearing Denied May 4, 1977.
Gold & Fox, Coral Gables, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By indictment the appellant David Allen Williams was charged, in one count, with breaking and entering the dwelling of Carl Goldberg at a stated address in Dade County with intent to commit first degree murder, and with therein having assaulted Goldberg. In a second count Williams was charged with assaulting Goldberg with intent to commit first degree murder, and by a third count was charged with first degree murder by effecting the death of Martha Virginia Aultman, by beating her with his hands and fists. On trial before a jury he was found and adjudged guilty as charged in the first count, not guilty on the second count, and on the third count, guilty of second degree murder, a lesser degree of the crime charged in that count. Motion of the defendant for a new trial was denied, and he appealed. On consideration of the record, briefs and argument, we hold no reversible error has been shown.
The contention of the appellant that the trial court allowed the state to introduce testimony of a witness relating to defendant's general reputation, is not borne out by the record, which reveals the inquiry made of the witness was as to the defendant's reputation for truth and veracity in a certain community. Such testimony may be presented by the state as to a defendant who has testified at his trial. Baxter v. *928 State, 294 So.2d 392, 393 (Fla. 4th DCA 1974).
Three witnesses, one of whom was a rebuttal witness, testified to having seen the physical results or effects on Virginia Aultman of prior beatings by the defendant. To one of said witnesses, on an occasion when Williams was present, he admitted responsibility for facial injuries Aultman had. The others were clearly connected to Williams. On one Williams' actions were observed, and on both such occasions Aultman had admitted or indicated Williams was responsible. When considered in connection with the beating administered by Williams to the woman when he found her with Goldberg, which proved to be fatal, the relevance of such testimony was clear. It was admissable on authority of Williams v. State, 110 So.2d 654 (Fla. 1959).
We find to be without merit the appellant's contention that the state failed at trial to establish the identity of the deceased. That contention is presented here without having been made at trial. However, identity of the victim of the homicide was established in the evidence. Each of two police officers testified he had seen and identified the victim Aultman at the scene. One testified he had seen her previously and knew who she was, and the other officer who so testified stated he knew the woman personally.
We find to be without merit the contention of the appellant that the court committed error by denying defendant's motion for bill of particulars. Thereby defendant had sought particulars as to the date, time and place of the alleged offense. The state responds here by pointing out that the rule [Fla.R.Crim.P. 3.140(n)] calls for statement of particulars to specify "as definitely as possible" the place, date and other material facts that "are known to the prosecuting attorney". The place and date were stated in the indictment. The exact time did not appear to have been known.
The judgment is affirmed.