PER CURIAM.
Joseph Diaz appeals his convictions for attempted first degree felony murder, false *1270 imprisonment, and robbery with a weapon. We affirm.
First, we conclude that the trial court’s ruling on the defense motion for a continuance was well within the bounds of sound discretion.
Second, the offense of attempted first degree felony murder occurs “whenever an individual perpetrates or attempts to perpetrate an enumerated felony, and during the commission of the felony the individual commits, aids, or abets a specific overt act which could, but does not, cause the death of another....” Amlotte v. State, 456 So.2d 448, 449-50 (Fla.1984). We conclude that there was sufficient evidence to present a jury question whether the acts committed against the victim could cause death. Given the successive blows to the 76 year old victim’s head, the binding of the victim, the taping of the elderly victim’s mouth, and the statement by one perpetrator to the other (after checking the victim’s pulse) that they had, in fact, killed her, a jury question was presented. See State v. Prehn, 566 So.2d 1362, 1363 (Fla. 1st DCA 1990). Contrary to Diaz’ contention, medical testimony was not required.
Third, at trial the defense requested that the judge give jury instructions on aggravated battery and battery as lesser included offenses of attempted first degree felony murder. The jury was instructed as requested. There was no objection by the defense to the jury instructions.
On appeal the defense contends that the trial court was obliged to instruct the jury on the lesser included offense one step removed from attempted first degree felony murder, and that the failure to do so constitutes fundamental error which may be raised for the first time on appeal. We disagree. In the context of jury instructions, the general rule is that “a client is bound by the acts of his attorney performed within the scope of the latter’s authority.” Jones v. State, 484 So.2d 577, 579 (Fla.1986) (citation omitted); see generally Fla.R.Crim.P. 3.390(d). For what appear to have been perfectly sound tactical reasons, the defense requested the specific lesser included offenses it desired. There was neither a request for, nor objection to the omission of, any other attempted homicide instructions.*
The defense relies on Hayes v. State, 564 So.2d at 163, to support the assertion that there was fundamental error in the present case. Hayes cannot be read so broadly. Hayes followed Rojas v. State, 552 So.2d 914 (Fla.1989), in finding fundamental error in a situation in which there was an incomplete manslaughter instruction given. The Hayes court concluded that under Rojas, it was obliged to reverse. Hayes is not applicable here.
Affirmed.

The defense contends that the lesser included offense one step removed from attempted first degree felony murder was attempted manslaughter. It appears, however, that the lesser included offense one step removed was actually attempted second degree murder. See Hayes v. State, 564 So.2d 161, 163 (Fla. 2d DCA 1990).