682 So.2d 196 (1996)
Reginald Jerome TRIBUE, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1507.
District Court of Appeal of Florida, Third District.
October 23, 1996.
Reginald Jerome Tribue, in pro per.
Robert A. Butterworth, Attorney General, for appellee.
Before LEVY, GODERICH, and SHEVIN, JJ.

*197 ON APPELLEE'S MOTION FOR CLARIFICATION GRANTED

PER CURIAM.
The opinion filed in this case on September 4, 1996, is hereby withdrawn and this opinion is substituted in its stead.
The defendant appeals the trial court order denying his motion to correct illegal sentence. For the following reasons, we reverse.
On February 6, 1990, Reginald Jerome Tribue (hereinafter "defendant") was charged with sexual battery on a child less than twelve years old. The trial court found the defendant guilty and sentenced him to five years imprisonment followed by ten years probation. The defendant was given credit for having served 322 days in that sentence. On November 19, 1992, an affidavit of probation violation was filed against the defendant.
On January 29, 1993, the trial court revoked the defendant's probation and sentenced him to nine years imprisonment for the violation of probation. In this sentence, the defendant was given 417 days credit for jail time served. However, the sentence did not provide credit for prison time served. On February 15, 1996, the defendant filed his motion to correct illegal sentence contending that he was entitled to gain time for the full term of the incarcerative portion of his original split sentence. The trial court denied the defendant's motion.
As the State correctly concedes, the trial court erred by failing to correct the sentence to provide for credit for all time previously served in the Department of Corrections. Since the defendant committed his offense prior to the enactment of Chapter 89-531, Laws of Florida, the defendant is entitled to gain time.[1] The corrected sentence should include a provision which allows the defendant to receive credit for all time previously served in the Department of Corrections. However, the responsibility for making the determination of the actual amount of gain time rests with the Department of Corrections. See Smith v. State, 659 So.2d 1222 (Fla. 4th DCA 1995); Walker v. State, 619 So.2d 518 (Fla. 1st DCA 1993). The burden falls upon the defendant to seek credit for this time pursuant to the appropriate administrative procedures. See Chap. 33-29, Fla. Admin. Code (governing inmate grievance procedure); Williams v. State, 673 So.2d 873 (Fla. 1st DCA 1996). Accordingly, we reverse and remand this case to the trial court in order for the court to make the appropriate correction to the defendant's sentence.
Reversed and remanded.
NOTES
[1] Chapter 89-531, Laws of Florida, was codified at section 948.06(6), Florida Statutes (Supp. 1990). Section 948.06(6) gives the trial court the authority to forfeit a defendant's gain-time if the probation or community control portion of a split sentence has been revoked. However, the effective date of section 948.06(6) was October 1, 1989. In the instant case, the offense was committed before October 1, 1989. As a result, section 948.06(6) is inapplicable to the instant case.