PER CURIAM.
Dwayne A. Burks appeals the denial of his motion for post-conviction relief made pursuant to Rule 3.850, Fla.R.Crim.P. on the grounds that (1) he received ineffective assistance of counsel at the time of his plea, (2) the trial court imposed illegal sentences and, (3) he faded to receive credit for time previously served. We affirm in part and reverse and remand in part.
On January 2, 1990, Burks was charged in case number 89^47780 with possession of cocaine, a third degree felony punishable by five years imprisonment. On March 7, 1990, he was charged in case number 90-6383 with the sale, purchase, or delivery of a controlled substance on or near school property, a first degree felony punishable by thirty years imprisonment. On August 17, 1990, Burks was charged in case number 90-9885 with sexual battery, a second degree felony punishable by fifteen years imprisonment.
On September 4, 1991, Burks entered a plea to all three charges. As to the possession charge, he was sentenced to five years imprisonment followed by ten years probation. On the sale of cocaine charge, Burks was sentenced to five years imprisonment followed by ten years probation. Lastly, on the sexual battery charge, Burks was sentenced to five years followed by ten years probation. All of these sentences were to run concurrently.
Burks served the five year concurrent sentence for each of these cases and was released from prison on February 12, 1993. He then began to serve the probationary sentence imposed. On March 31, 1995, Burks’ probation in each of these cases was revoked pursuant to his admission that he had committed a new offense. He was thereafter resentenced to thirty years imprisonment for the sexual battery and sale of controlled substance charges which was to run concurrently with his five year sentence on the possession of cocaine charge. Burks was given credit for time served in each of these eases. The sentencing order, however, did not provide for previous “prison credit.”
On July 29, 1996, Burks filed his motion for post conviction relief pursuant to Rule 3.850. As grounds, he asserted that his trial counsel was ineffective at his probation revocation hearing and that the sentence imposed by the trial court was illegal. The trial court’s denial of this motion prompted this appeal.
We find no merit as to Burks’ first claim as it is specifically belied by his responses given during his plea colloquy at the revocation hearing. We do, however, find merit to Burks’ assertions that sentences for the possession charge and the sexual battery charge are illegal where they exceed the statutory maximum sentences for offenses committed prior to January 1,1994.
It is well settled that for offenses committed prior to January 1, 1994, as here, a sentence may not exceed the statutory maximum penalty for that offense, § 921.001(5), Fla. Stat. (1991) — although the rule has been changed for offenses, unlike this case, committed on or after January 1, 1994. § 921.0014(1), Fla. Stat. (1993) (A sentence within the sentencing guidelines may be imposed even if it exceeds the statutory maximum sentence provided for that offense).
Fance v. State, 645 So.2d 188, 188 (Fla. 3d DCA 1994). Consequently, both the sentence and revocation of probation for the possession of cocaine conviction and the sentence for the sexual battery conviction must be vacated and this cause remanded to the trial court with instructions that it impose sentences not in excess of the statutory maximum for each offense.
Finally, the state properly concedes and we agree that the trial court erred when after revoking Burks’ probation and re-sentencing him to prison, it failed to indicate on the sentencing order that Burks was entitled to receive credit for time previously served on these offenses. See Trihue v. State, 682 So.2d 196, 197 (Fla. 3d DCA 1996). Accord- *876 mgly, on remand, the trial court shall grant Burks credit for time previously served for these offenses.
Affirmed in part. Reversed and remanded in part.