W. SHARP, Judge.
Jones appeals from his judgment and sentences for two counts of lewd and lascivious assault on a child,[1] and the sentences imposed following revocation of his probation in three earlier cases. He presents three issues on appeal, only one of which has merit.
First, Jones argues that the trial court erred in refusing to give a lesser included offense instruction — committing an unnatural and lascivious act pursuant to section 800.02 — in conjunction with the court’s charge on lewd and lascivious assault on a child. See Williams v. State, 627 So.2d 1279 (Fla. 1st DCA 1993). It appears, however, that defense counsel abandoned his request for this instruction and agreed to the proposed instructions which included as lesser offenses, attempt, battery and assault. Thus, this issue has not been preserved for appellate review. See Diaz v. State, 601 So.2d 1269 (Fla. 3d DCA 1992).
Second, Jones also contends that he does not qualify as a sexual predator under the law that was in effect at the time he committed the offenses. However, this matter is not ripe for review because the trial court reserved jurisdiction to declare him a sexual predator, but did not do so.
Third, Jones points out the trial court erred in sentencing him to 5]é years in prison for his 1990 and 1991 offenses. The state concedes error. At the time Jones was sentenced for lewd and lascivious assault, he was also sentenced in three cases originating in 1990 and 1991. The violations were for aggravated assault,[2] unlawful possession with intent to sell or deliver a controlled substance,[3] and unlawful sale or delivery of a controlled substance.[4] All three were third degree felonies. He was sentenced to concurrent terms of 5% years.
For offenses committed prior to January 1, 1994, a sentence may not exceed the statutory penalty for that offense. Burks v. State, 698 So.2d 874 (Fla. 8d DCA 1997); Fance v. State, 645 So.2d 188 (Fla. 3d DCA 1994). Since Jones’ 1990 and 1991 crimes were committed prior to 1994, his sentences cannot exceed the statutory maximum for third degree felonies — five years. § 921.001(4)(b)4, Fla. Stat. (1995); Fla. R.Crim. Proe. 3.701(d)(10).
Accordingly Jones’ judgment and sentences for the lewd and lascivious assault are affirmed, his sentences for the 1990-91 offenses are vacated, and this cause is remanded for resentencing.
AFFIRMED, in part; Sentence VACATED; REMANDED for Resentencing.
GRIFFIN, C.J., and DAUKSCH, J., concur.

. § 800.04(1), Fla. Stat.

. § 784.021(l)(a), Fla. Stat.

. § 893.13(l)(a)2, Fla. Stat.

. § 893.13CI)(a)2, Fla. Stat.