796 So.2d 631 (2001)
Phillip MARSHALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1938.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Phillip Marshall, in proper person.
Robert A. Butterworth, Attorney General, and John Barker, Assistant Attorney General, for appellee.
Before COPE, GREEN and SHEVIN, JJ.
*632 COPE, J.
Phillip Marshall appeals an order denying his motion for additional credit for time served. We remand for clarification.
Defendant-appellant Marshall was initially sentenced to life imprisonment but on appeal a new trial was ordered. Marshall v. State, 731 So.2d 165 (Fla. 3d DCA 1999). Defendant thereafter entered a guilty plea and was sentenced to seven and one-half years imprisonment. The sentencing order reflects that the defendant was to receive 1190 days of credit for time served, which appears from the sentencing order to be a combination of time served in jail and the Department of Corrections from January 20, 1997 through the resentencing date of April 24, 2000.
The defendant's postconviction motion seeks additional credit for unforfeited gain time. He points out that under the applicable Department of Corrections rule, he was not eligible to receive incentive gain time during the time that he was incarcerated in the Department of Corrections on his life sentence. Fla. Admin. Code R. 33-601.101(5)(c). However, under the rule, the Department of Corrections keeps track of such gain time so that in the event the life sentence is commuted to a term of years, the accumulated incentive gain time will be applied to the term of years. Id. It would thus appear in this situation that upon resentencing, the defendant would be entitled to receive from the Department of Corrections his earlier accumulated incentive gain time.
The procedure for obtaining this relief is for the defendant to apply for relief to the Department of Corrections. If the defendant is unsuccessful, he may seek judicial review after exhaustion of his administrative remedies. See Tribue v. State, 682 So.2d 196, 197 (Fla. 3d DCA 1996).
In this case, however, we must remand for clarification. That is so because the order denying postconviction relief states that the defendant has already been awarded proper gain time. If the earlier award for 1190 days included a calculation for gain time, the defendant would not be entitled to a double credit.
Consequently, we remand for clarification, and modification of the sentencing order if necessary. The trial court should award credit only for jail time and day-for-day time previously served by the defendant in the Department of Corrections. Credit for gain time should be calculated by the Department of Corrections.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.