891 So.2d 621 (2005)
David Starr WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2821.
District Court of Appeal of Florida, Third District.
January 26, 2005.
*622 David Starr Williams, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
David Starr Williams appeals from the trial court's denial of post-conviction relief pursuant to rules 3.853 and 3.800, Florida Rules of Criminal Procedure. We affirm.
Williams contends that DNA testing of physical evidence held by the police would favor his defense. However, physical evidence used to convict Williams was destroyed pursuant to a valid court order entered in 1975. Therefore, in order to prevail on a claim involving loss or destruction of DNA evidence that is potentially useful to his defense, Williams would have to prove that the State acted in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).[1] Under Youngblood, bad faith exists only when police intentionally destroy evidence they believe would exonerate a defendant. Youngblood explained that the "presence or absence of bad faith ... must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." 488 U.S. at 56 n. *, 109 S.Ct. 333 Evidence that has not been examined or tested by government agents does not have "apparent exculpatory value" and thus cannot form the basis of a claim of bad faith destruction of evidence.
Youngblood and its federal and state progeny have rejected due process claims based on the government's failure to preserve evidence "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant"; see also King v. State, 808 So.2d 1237, 1242 (Fla.2002) (holding that a defendant failed to show bad faith on the part of the State in destroying hair and tissue evidence, in part because the defendant failed to show the police made a "conscious effort to prevent the defense from securing the evidence"); Merck v. State, 664 So.2d 939, 942 (Fla.1995) (holding that the defendant failed to show bad faith in a police detective's failure to preserve a pair of pants found at a crime scene, because the detective believed they did not have evidentiary value).
*623 Recent cases have explained that in the 1970s it was not foreseeable that DNA matching would become the powerful forensic tool that it is today. Thus, the state could not have known at the time that any of the evidence would ever be of any benefit to the defense. See King v. State, 808 So.2d 1237, 1242 (Fla.2002). King notes that prior to 1981, Florida statutes did not require a medical examiner's office to maintain specimens for any length of time, and only after 1981 was that office required to keep specimens for one year. Here, it has been nearly thirty years since the physical evidence was destroyed post-trial and pursuant to a valid court order, when its usefulness was at that time deemed over.
Williams has not asserted a claim of bad faith or explained any prejudice in this instance. It does not appear from the record that there was any irregularity in the destruction of the physical evidence in this case. Accordingly Williams is not entitled to relief.
Williams' additional claim, that his eighty year sentence is illegal, has been raised and ruled upon in multiple prior post-conviction motions. Williams' convictions for second degree murder and breaking and entering with assault were, in 1974, first degree felonies punishable by life imprisonment. See § 782.04(2), Fla. Stat. (Supp.1974); § 810.01(1), Fla. Stat. (1973).[2] Williams was sentenced to thirty years for the breaking and entering with assault conviction, and to fifty years for the second degree murder conviction, to run consecutively. Williams' eighty year sentence is therefore not illegal.
Affirmed.
NOTES
[1] Additionally, Florida courts have held that the unavoidable consumption of testing material does not trigger a constitutional due process violation. See State v. T.L.W., 457 So.2d 566 (Fla. 2d DCA 1984); State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978).
[2] The crime date was December 25, 1974.