901 So.2d 412 (2005)
Andre BRUNACHE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-731.
District Court of Appeal of Florida, Third District.
May 18, 2005.
*413 Andre Brunache, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, SHEPHERD and ROTHENBERG, JJ.
PER CURIAM.
Andre Brunache appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Brunache maintains that he should have been personally present when he was resentenced in 2000 under Heggs v. State, 759 So.2d 620 (Fla.2000). We agree with the trial court that this issue is one which must be brought under Florida Rule of Criminal Procedure 3.850, and cannot be brought under Florida Rule of Criminal Procedure 3.800(a). When the defendant's Rule 3.800(a) motion is treated as a Rule 3.850 motion, it is time-barred.
Second, to the extent that the defendant maintains that he is not being awarded the correct amount of gain time by the Department of Corrections, the defendant must first exhaust his administrative remedies within the Department and if dissatisfied, may thereafter seek appellate review. See Richmond v. State, 876 So.2d 1277 (Fla. 3d DCA 2004); Marshall v. State, 796 So.2d 631, 632 (Fla. 3d DCA 2001). Although the question is not now before us, the defendant appears to have a mistaken impression regarding the gain time law. See Rivera v. State, 790 So.2d 584 (Fla. 3d DCA 2001).
Affirmed.