913 So.2d 687 (2005)
Jose QUINTANILLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-458.
District Court of Appeal of Florida, Third District.
September 28, 2005.
Rehearing Denied October 19, 2005.
James McGuirk, P.A., Miami, and Sherri A. Romano, for appellant.
Charles J. Crist, Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and FLETCHER, JJ.
PER CURIAM.
The defendant, Jose Quintanilla, appeals from an order denying his "Motion for Reconsideration of a Denial of Defendant's Motion to Vacate a Previously Entered Plea." We affirm.
In 2002, Quintanilla filed a Motion to Withdraw Plea and to Vacate Sentence claiming that the court and his counsel failed to advise him about the potential immigration consequences that could result from a plea. The transcript belied these claims and Quintanilla's motion was denied.
Two years later in 2004, Quintanilla filed his motion for reconsideration, the denial of which is at issue here, and averred that although he had been advised by counsel that he could be deported, he remembered that his counsel also told him that this probably wouldn't occur because his conviction was for a minor felony. He also stated that the trial court agreed with his trial counsel and that, as a result, he received misadvice from both the court and his counsel.
We note that the claims raised in the 2004 motion for reconsideration are distinct from, and indeed contrary to, the *688 claims raised in the 2002 motion, which alleged that both defense counsel and the court failed to advise him at all about the immigration consequences of his plea. As such, Quintanilla's 2004 motion, under the guise of a motion for reconsideration, was effectively a second 3.850 motion for post-conviction relief. However, this motion was filed well outside of the two-year limitation period for same, and was therefore untimely. See, e.g., Brunache v. State, 901 So.2d 412, 413 (Fla. 3d DCA 2005)(when defendant's motion is treated as a Rule 3.850 motion and falls outside the two-year time period, it is time barred).
As time-barred, the motion for post-conviction relief was properly denied, and, thus, we affirm.