937 So.2d 1160 (2006)
Michael SWAIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2321.
District Court of Appeal of Florida, Third District.
September 1, 2006.
Rehearing Denied October 11, 2006.
Michael Swain, in proper person.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, C.J., and GREEN and CORTIÑAS, JJ.
PER CURIAM.
Michael Swain appeals the denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
In his Rule 3.850 motion defendant-appellant Swain alleges a due process violation in the destruction of potentially exculpatory evidence under Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).
In 1976 defendant was convicted of burglary with an assault, armed sexual battery and robbery. Defendant claims that in the course of requesting DNA testing under Florida Rule of Criminal Procedure 3.853 he learned that certain evidence had been destroyed. In its response to the motion for DNA testing, the State produced documentation showing that the trial court entered a post-trial order in 1976 *1161 authorizing destruction of a robe containing a bloodstain. The State's response also asserted that it was unable to locate vaginal swabs from at least one of the victims that had been submitted to the crime lab for testing. It is apparent from the record that such swabs existed at one point because the medical examiner testified to the existence of the swabs at trial.
Defendant claims that the alleged destruction of the evidence constitutes newly discovered evidence because he only learned of the destruction of the evidence in 2004. Defendant also claims entitlement to a hearing on his claim of bad faith destruction of the evidence. We agree with the trial court on denial of that claim. The fact that such evidence was destroyed after trial and prior to the advent of DNA testing does not constitute bad faith. No one at that time could have anticipated that such evidence would have any future evidentiary value. See King v. State, 808 So.2d 1237 (Fla.2002); Williams v. State, 891 So.2d 621 (Fla. 3d DCA 2005).
Affirmed.