959 So.2d 280 (2007)
Luis GURIDI, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1867.
District Court of Appeal of Florida, Third District.
April 11, 2007.
*281 Luis Guridi, in proper person.
Bill McCollum, Attorney General, Orlando, and Richard L. Polin, Bureau Chief, Criminal Appeals, Miami, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
PER CURIAM.
We affirm the trial court's summary denial of appellant, Luis Guridi's, motion pursuant to Florida Rule of Criminal Procedure 3.800(a).
On October 6, 2006, we ordered appellant to show cause why he should not be prohibited from filing further pro se proceedings in this court concerning his conviction and sentence in case number 75-8264. We have carefully considered defendant's response. See State v. Spencer, 751 So.2d 47 (Fla.1999). Concluding that good cause has not been shown, we now prohibit him from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.
On January 13, 1976, appellant was convicted of second-degree murder and sentenced to life in prison with a twenty-five-year mandatory minimum term. On direct appeal, we affirmed the conviction, but remanded for correction of the sentence by deleting the twenty-five-year mandatory minimum. Guridi v. State, 364 So.2d 872 (Fla. 3d DCA 1978). On January 15, 1979, appellant was re-sentenced pursuant to our remand. Since then, appellant has by our count filed eighteen motions, petitions, or appeals in this court seeking collateral review of his conviction or sentence,[1] none of which have been found to have merit. He also has sought relief in the First District Court of Appeal at least four times[2] and review in the Florida Supreme Court another four times.[3] Of the filings in this court, nine have been challenges to the legality of his sentence.
This, appellant's nineteenth filing, is another sentencing challenge. More than a quarter century after our 1978 remand, appellant alleges that either he or counsel was entitled to be present when the trial court re-sentenced him to life imprisonment. This argument has been raised at least twice previously and is hopelessly and legally barred from successive review. State v. McBride, 848 So.2d 287, 291 (Fla. 2003). Moreover, such a claim was raisable only via a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 and is therefore timebarred. See Brunache *282 v. State, 901 So.2d 412, 413 (Fla. 3d DCA 2005); Fla. Bar Re Amendment to Rules of Crim. P. (Rule 3.850), 460 So.2d 907 (Fla.1984).
It is abundantly clear that appellant has been serially abusing the post-conviction process. See Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005) (noting "we also are aware of the not infrequent abuse by post-conviction litigants of this process and the concomitant misapplication and waste of limited judicial resources which might otherwise be expended on more meritorious claims and issues"). See also Henderson v. State, 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (internal quotations omitted). After careful consideration, we find that appellant's present filing, in context of his litigation history, constitutes a frivolous appeal or proceeding pursuant to sections 944.279(1), Florida Statutes (2005), and 944.28(2)(a), Florida Statutes (2005). See, e.g., Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
We therefore (1) affirm the decision of the trial court on the merits of the motion brought by appellant before that court, (2) direct the clerk of this court to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions or other papers relating to appellant's conviction and sentence in case number 75-8264 unless they are filed by a member in good standing of The Florida Bar, and (3) direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration by that institution of disciplinary measures against appellant pursuant to sections 944.279(1), Florida Statutes (2005), and 944.28(2)(a), Florida Statutes (2005), for the filing of a frivolous appeal.
Affirmed.
NOTES
[1] Guridi v. State, 930 So.2d 627 (Fla. 3d DCA 2006) (table); Guridi v. State, 923 So.2d 507 (Fla. 3d DCA 2006) (table); Guridi v. State, 910 So.2d 273 (Fla. 3d DCA 2005) (table); Guridi v. State, 907 So.2d 537 (Fla. 3d DCA 2005) (table); Guridi v. State, 860 So.2d 427 (Fla. 3d DCA 2003) (table); Guridi v. State, 857 So.2d 887 (Fla. 3d DCA 2003) (table); Guridi v. State, 854 So.2d 201 (Fla. 3d DCA 2003) (table); Guridi v. State, Case No. 03-1652 (Fla. 3d DCA Sept. 3, 2003); Guridi v. State, 831 So.2d 188 (Fla. 3d DCA 2002) (table); Guridi v. Moore, 816 So.2d 630 (Fla. 3d DCA 2002) (table); Guridi v. State, 725 So.2d 1126 (Fla. 3d DCA 1998) (table); Guridi v. Ruvin, 684 So.2d 1366 (Fla. 3d DCA 1996); Guridi v. State, 638 So.2d 71 (Fla. 3d DCA 1994) (table); Guridi v. State, 605 So.2d 83 (Fla. 3d DCA 1992) (table); Guridi v. State, 584 So.2d 236 (Fla. 3d DCA 1991); Guridi v. Levine, 580 So.2d 762 (Fla. 3d DCA 1991) (table); Guridi v. State, 368 So.2d 959 (Fla. 3d DCA 1979).
[2] Guridi v. Fla. Parole Comm'n, 928 So.2d 340 (Fla. 1st DCA 2006) (table); Guridi v. David, 924 So.2d 814 (Fla. 1st DCA 2006) (table); Guridi v. Fla. Parole Comm'n, 871 So.2d 879 (Fla. 1st DCA 2004) (table); Guridi v. Singletary, 604 So.2d 490 (Fla. 1st DCA 1992) (table).
[3] Guridi v. State, 839 So.2d 698 (Fla.2003); Guridi v. Third Dist. Court of Appeal, 694 So.2d 738 (Fla.1997); Guridi v. State, 589 So.2d 290 (Fla.1991); Guridi v. Dugger, 536 So.2d 244 (Fla.1988).