962 So.2d 1026 (2007)
Starr GRIFFIN, a/k/a David Williams, a/k/a David Starr Williams, a/k/a F. Starr Griffin, a/k/a David Allen Williams, a/k/a David Starr Williams, a/k/a Freddie Starr Griffin, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D06-1624.
District Court of Appeal of Florida, Third District.
August 8, 2007.
Starr Griffin (aliases omitted), in proper person.
Bill McCollum, Attorney General, and Maria T. Armas, Assistant Attorney General, for Respondent.
Before WELLS and SUAREZ, JJ., and FLETCHER, Senior Judge.
PER CURIAM.
Starr Griffin, a/k/a David Williams, a/k/a David Starr Williams, a/k/a F. Starr Griffin, a/k/a David Allen Williams, a/k/a David Starr Williams, a/k/a Freddie Starr Griffin petitions to be allowed to belatedly file a motion for post-conviction relief in order to allege actual innocence. We deny the petition.
For offenses committed on December 25, 1974, in case number 75-584, Griffin was charged by Indictment with: Count (1) breaking and entering; Count (2) assault with intent to commit murder; and Count (3) first degree murder. Griffin was found guilty by a jury of breaking and entering and second degree murder. He was sentenced to a term of thirty years in state prison on the breaking and entering conviction and a term of fifty years of state imprisonment on the second degree murder conviction. These two sentences ran consecutively. Williams v. State, 344 So.2d 927 (Fla. 3d DCA 1977). Griffin has since filed multiple petitions in state and federal court, none of which have succeeded on the merits.[1]
*1027 In response to the instant petition, we ordered Griffin to show cause why this Court should not prohibit him from filing any further pro se pleadings concerning case 75-584 and why the Court should not sanction him according to sections 944.28(2)(a) and 944.279, Fla. Stat. (2005), because we found his arguments and numerous filings to be without merit. See State v. Spencer, 751 So.2d 47 (Fla. 1999) (holding a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond). In response, Griffin re-asserts the legal arguments raised in all of his previous filings, and wonders how he could be sanctioned for filing repetitive motions when such endless motions were allowed by law so he could fight for his innocence through the courts. However, this court and the federal courts have, over many years, repeatedly addressed these issues on their merits and ruled accordingly.
We have carefully reviewed Griffin's response in its entirety and find that good cause has not been demonstrated. See Baker v. State, 878 So.2d 1236 (Fla. 2004); Guridi v. State, 959 So.2d 280, (Fla. 3d DCA 2007). We therefore deny the "petition for habeas corpus seeking belated rule 3.850 motion for post-conviction relief alleging actual innocence and fundamental miscarriage of justice and motion for the *1028 entry of nunc pro tunc order back to December 25, 1974." We further direct the clerk of this court to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions or other papers relating to appellant's conviction and sentence in case number 75-584 unless they are filed by a member in good standing of The Florida Bar, and direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration by that institution of disciplinary measures against appellant pursuant to sections 944.279(1), Florida Statutes (2005), and 944.28(2)(a), Florida Statutes (2005), for the filing of a frivolous petition.
NOTES
[1] Williams v. State, 344 So.2d 927 (Fla. 3d DCA 1977) (affirming Griffin's conviction and sentence); Williams v. State, 348 So.2d 955 (Fla. 1977) (writ of cert. denied); On July 30, 1976, Fla. R.Crim. P. 3.850 motion to vacate judgment and sentence alleging newly discovered evidence, denied by the trial court on July 30, 1976; Williams v. Wainwright, 78-3090-CIV-CA (federal petition for habeas corpus dismissed for the failure to raise the allegations in the State court); Williams v. Wainwright, 368 So.2d 1388 (Fla. 3d DCA 1979) (petition for habeas denied); Williams v. Wainwright, 79-2924-CIV-CA (petition for cert. dismissed on December 18, 1979, for the failure to exhaust all claims in State court); Williams v. Wainwright, 80-859-CIV-CA (habeas petition denied on the merits); Williams v. Wainwright, 655 F.2d 234 (5th Cir. 1981) (appeal of denial of habeas affirmed); November 9, 1981, Griffin filed a second Fla. R.Crim. P. motion to vacate judgment and sentence, which motion was denied as meritless on January 8, 1982, Case No.3D95-222; January 11, 1982, Griffin filed a third Fla. R.Crim. P. motion to vacate judgment and sentence which was denied by the trial court, Case No.3D95-222; October 8, 1985, Griffin filed a fourth Fla. R.Crim. P. motion to vacate judgment and sentence which was denied by the trial court, Case No.3D95-222; Williams v. State, 506 So.2d 420 (Fla. 3d DCA 1987) (affirm denial of 3.800 relief); December 4, 1986, Griffin filed a sixth Fla. R.Crim. P. motion to vacate judgment and sentence which the trial court denied on January 15, 1987. Griffin appealed and this Court per curiam affirmed on May 26, 1987, Case No.3D95-222. On July 10, 1990, Griffin filed a seventh Fla. R.Crim. P. 3.850 motion to vacate judgment and sentence which the trial court denied on July 17, 1990, and denial affirmed, Williams v. State, 566 So.2d 1293 (Fla. 3d DCA 1990); Williams v. State, 576 So.2d 295 (Fla. 1990) (petition for cert. denied); Williams v. Singletary, 91-1263-CIV-KEHOE (federal habeas denied); Williams v. Singletary, 3 F.3d 442 (11th Cir. 1993) (denial of habeas affirmed); Griffin v. State, 638 So.2d 952 (Fla. 3d DCA 1994) (affirming denial of 3.850); February 24, 1994, the lower court order denying Griffin's Fla. R.Crim. P. 3.850 motion; Williams v. State, 654 So.2d 1272 (Fla. 3d DCA 1995) (petition for habeas denied); Williams v. State, 675 So.2d 136 (Fla. 3d DCA 1996) (affirming denial of 3.800 relief); Williams v. State, 731 So.2d 1289 (Fla. 3d DCA 1999) (affirming denial of 3.800 relief); Williams v. State, 744 So.2d 1010 (Fla. 3d DCA 1999) (affirming denial of 3.800 relief); April 10, 2000, the trial court denied Griffin's motion for post conviction relief; May 25, 2000, the trial court denied Griffin's motion for post conviction relief as insufficient; Williams v. State, 806 So.2d 493 (Fla. 3d DCA 2001) (affirmed); Griffin v. Moore, 805 So.2d 806 (Fla. 2001) (Florida Supreme Court denied the petition as habeas corpus can not be used to litigate or relitigate issues which were or could have been raised on direct appeal or in prior postconviction proceedings, warning Griffin that further filing of procedurally barred petitions could result in sanctions); May 22, 2003, Griffin filed an Fla. R.Crim. P. 3.800 motion to correct sentence; February 13, 2004, Griffin filed an Fla. R.Crim. P. 3.800 motion to correct sentence; May 25, 2004, the trial court denied the motion, and 3D DCA affirmed with a lengthy opinion, Williams v. State, 891 So.2d 621 (Fla. 3d DCA 2005); March 14, 2005, the trial court denied another of Griffin's Fla. R.Crim. P. 3.850 motion. Griffin appealed that denial to this Court. This Court per curiam affirmed on June 8, 2005, Williams v. State, 905 So.2d 142 (Fla. 3d DCA 2005); Griffin filed a petition for writ of mandamus with this Court. This Court denied the petition on March 14, 2006, Griffin v. State, 923 So.2d 1176 (Fla. 3d DCA 2006). Griffin then filed another appeal with this Court3D06-1624 which was combined with yet another appellate action 3D06-1263.

On October 6, 2006, the trial court denied another of Griffin's Fla. R.Crim. P. 3.800 motions.