SUAREZ, J.
 

 This is an appeal from an order denying a motion for postconviction relief under
 
 *1019
 
 Florida Rule of Criminal Procedure 3.850. The appellant in point four of his motion claimed that the prosecution deliberately used false evidence in violation of
 
 Giglio v. United States,
 
 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In point five, the appellant claimed that the prosecution deliberately destroyed exculpatory evidence in bad faith, in violation of
 
 Arizona v. Youngblood,
 
 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The trial court declined to reach to merits of both claims, stating that such claims are not cognizable under Rule 3.850.
 

 We disagree with the trial court. Such claims are cognizable under Rule 3.850.
 
 See Rivera v. State,
 
 995 So.2d 191, 193-94, 2008 WL 2369219 (Fla. June 12, 2008);
 
 Swain v. State,
 
 937 So.2d 1160, 1160-61 (Fla. 3d DCA 2006). Accordingly, we reverse the order on those two claims and remand for further consideration by the trial court. We affirm the denial of post-conviction relief on grounds one, two, and three.
 

 Affirmed in part, reversed and remanded in part.